RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California
90067Telephone: 213.375.3811
Facsimile: 213.375.3811

RIMON, P.C.
Michael S. Lazaroff (Admitted *Pro Hac Vice*)
michael.lazaroff@rimonlaw.com
400 Madison Avenue, Suite 11D
New York, New York 10017
Telephone: 646.738.4151

RIMON, P.C.
Kendra Orr (SBN256729)
kendra.orr@rimonlaw.com
50 California Street, Suite 1500
San Francisco, California 94111
Telephone: 415.683.5472

Attorneys for Defendant
OPTICAL SYSTEMS DESIGN LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| SYNOPSYS, INC.,<br><br>       Plaintiff,<br><br>     v.<br><br>OPTICAL SYSTEMS DESIGN LLC,<br><br>       Defendant. | Case No. 2:24-CV-10515-DSF-JC<br><br>**DEFENDANT OPTICAL SYSTEMS DESIGN LLC'S OPPOSITION TO PLAINTIFF SYNOPSYS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>DATE:  September 8, 2025<br>TIME:  1:30 pm<br>PLACE: Courtroom 7D<br><br>The Honorable Dale S. Fischer |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  SUMMARY OF FACTS IN THE PLEADINGS .......................................... 1

    A.   Defendant and Counterclaimant OSD .................................................. 1

    B.   Plaintiff and Counter-Defendant Synopsys .......................................... 1

    C.   Plaintiff's Intentional Infringement of OSD's SYNOPSYS™ Mark .... 2

    D.   OSD's Discovery of Synopsys' Infringement. ...................................... 3

III. THE PLEADINGS ALLEGE FACTS THAT PRECLUDE A GRANT OF
    PLAINTIFF'S MOTION ................................................................................ 3

IV.  FACTUAL DISPUTES PRELUDE JUDGMENT ON THE PLEADINGS A
    TO THE TIMELINESS OF OSD'S COUNTERCLAIMS ........................... 4

    A.   The Applicable Statutes of Limitations and Laches Should Not Be
        Measured from 2019. ............................................................................ 4

    B.   OSD's State Law Claims Are Timely Under California Law. ............... 5

    C.   Any Delay in Bringing OSD's Lanham Act Claim is Justified By *E-
        Systems* Equitable Considerations. ...................................................... 7

        1.   The Strength of OSD's SYNOPSYS™ Mark Weighs Against
            Laches. ........................................................................................ 8

        2.   OSD's Diligence Weighs Against Laches. ................................. 8

        3.   The Harm to OSD's SYNOPSYS™ Mark Weighs Against
            Laches. ........................................................................................ 9

        4.   Synopsys' International Infringement Weighs Against Laches. 10

        5.   Synopsys' and OSD's Direct Competition Weighs Against
            Laches. ...................................................................................... 14

        6.   The Lack of Prejudice To Synopsys Weighs Against Laches ... 14

        7.   Weighing the *E-Systems* Factors Favors a Rejection of Laches.
            .................................................................................................. 15

    D.   Synopsys' Unclean Hands Bar Its Laches Claims. ............................. 15

V.   PLAINTIFF'S ALTERNATIVE GROUNDS FOR JUDGMENT ON THE
    PLEADINGS LACK MERIT ........................................................................ 18

    A.   OSD Adequately States a Counterclaim for False Designations of
        Origin Under the Lanham Act .............................................................. 18

B.    OSD Has Adequately Alleged A False Designation By Synopsys. .... 21

C.    OSD'S Prayer for Relief on Synopsys' Declaratory Relief Claim is
Proper. ............................................................................................ 21

D.    OSD Adequately Pleads an Unclean Hands Affirmative Defense. ..... 21

VI.    ALTERNATIVELY, OSD SHOULD BE GRANTED LEAVE TO AMEND
................................................................................................................ 21

VII.    CONCLUSION ........................................................................................ 22

DEFENDANT OPTICAL SYSTEMS DESIGN LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.*,
  1446 F. 3d 350 ...................................................................................12

*Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185 (2013) .......................6, 7

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868
  (2009).........................................................................................................3

*City of Leavenworth v. Projekt Bayern Association*, 2022 WL 4546550
  (E.D. Wash. September 28, 2022) ........................................................13

*City-Core Hospitality, LLC v. Palmer*, 2018 WL 398257 (N.D. Cal
  Jan. 12, 2018)......................................................................................13

*Danjaq LLC v. Sony Corp.,* 263 F.3d 942 (9th Cir. 2001) .............................15, 16

*Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394
  (9th Cir. 1997)........................................................................................18

*Dreamwerks Production Group, Inc. v. SKG Studio*, 142 F. 3d 1127
  (9th Cir.1998)........................................................................................14

*Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir.
  2003) ....................................................................................................15

*Eduardo Zarco v. Officer R. Symons*, 2025 WL 2100590 (C.D. Cal.
  2025) .................................................................................................3, 20

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526
  (9th Cir. 1997)........................................................................................22

*Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day
  Adventist Congregational Church,* 887 F.2d 228 (9th Cir.1989).......................4

*GeoData Systems Management, Inc. v. American Pacific Plastic
  Fabricators, Inc.*, 2015 WL 12731920 (C.D. Cal September 21,
  2015) ...........................................................................................12, 19

*Gopher Media LLC v. Modern Doc Media,* 2023 WL 350531 (S.D. Cal. Jan 20, 2023) ...................................................................................19

*Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.,* 119 F. Supp. 2d 1083 (C.D. Cal. 2000) ...............................................................................9, 10

*Grupo Gigante SA De CV, v. Dallo & Co., Inc.*, 391 F. 3d 1088 (9th Cir. 2004) ...................................................................................10

*Iovino v. Am Trust Financial Services, Inc.*, 2025 WL 343356 (D. Nev. January 30, 2025) ..........................................................................17

*Ironhawk Technologies, Inc. v. Dropbpx, Inc.*, 2 F. 4th 1150 (9th Cir. 2021) ...................................................................................14

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F. 3d 829 (9th Cir. 2002) ..................................................................................7, 15

*JL Beverage Company LLC v. Jim Beam Brands Co.*, 828 F. 3d 1098 (9th Cir. 2016) ...................................................................................8

*Julian Bakery, Inc. v. Healthsource International, Inc.*, 2018 WL 1524499 (S.D. Cal. March 28, 2018) ..............................................19

*Komarova v. National Credit Acceptance, Inc.* 175 Cal.App.4th 324 (2009) ..................................................................................................7

*Lashify, Inc. v. Urban Dollz LLC*, 2023 WL 12086717 (C.D. Cal. September 26, 2023) .....................................................................19

*Luna Distributing LLC v. Stoli Group (USA), LLC*, 2018 WL 5099277 (C.D. Cal. July 10, 2018) .............................................................19

*M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540 (C.D. Cal. July 16, 2024) ..........................................................................................*passim*

*M2 Software, Inc. v. Madacy Entm't,* 421 F.3d 1073 (9th Cir.2005) ........................8

*Matal v. Tam*, 582 U.S. 218, 137 S. Ct. 1744, 198 L. Ed. 2d 366 (2017)..............18

*Mendoza v. Amalgamated Transit Union International,* 30 F.4th 879 (9th Cir. 2022)...............................................................................4

*Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975 (9th Cir. 2006)..........................11

DEFENDANT OPTICAL SYSTEMS DESIGN LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS

*New Penn Financial, LLC v. Riverwalk Ranch Master Homeowners Association*, 2018 WL 5621864 (D. Nev. October 29, 2018) ........................... 17

*Pinkette Clothing, Inc. v. Cosm Warriors, Ltd,* 894 F.3d 1015 (9th Cir. 2018) ..................................................................................... 7, 8, 15

*Planet Coffee Roasters, Inc. v. Dam*, 2009 WL 2486457 (C.D. Cal 2009) ................................................................................................... 18

*Reno Air Racing Ass'n., Inc. v. McCord,* 452 F.3d 1126 (9th Cir. 2006) ................. 5

*Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217, 40 U.S.P.Q.2d 1149 (9th Cir. 1996) ................................................................. 12

*Sparrow Inc. v. Lora*, 2014 WL 12561587 (C.D. Cal. Aug. 5, 2014) ..................... 20

*Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426 (9th Cir. 2017) .................................................................................. 11

*Synoptek, LLC v. Synaptek Corporation*. 309 F. Supp. 3d 825 (C.D. Cal. 2018) ................................................................................... 9

*Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n,* 465 F.3d 1102 (9th Cir. 2006) ....................................................... 4, 5

*Valentino S.p.A. v. Mario Valentino S.p.A.*, 2021 WL 6882327 (C.D. Cal. April 9, 2021) ............................................................... 17, 18

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ..................... 20, 21

*Warner Bros. Entertainment Inc. v. Random Tuesday, Inc*., 2020 WL 12762735 (C.D. Cal. November 9, 2020) ........................................... 19

*Watec Co., Ltd. v. Liu*, 403 F.3d 645 (9th Cir. 2005) ................................. 11

*Williams v. U.S. Secretary of Educ.*, 335 F. Appx. 670 (9th Cir. 2009) ................ 4

*Yanowitz v. L'Oreal USA*, 36 Cal. 4th 1028 (2005) .................................. 7

*Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136 (S.D. Cal 2021) ................ 13

**Statutes**

15 U.S.C. § 1125(a) ............................................................... 13

Code § 17200 ..................................................................... 6

DEFENDANT OPTICAL SYSTEMS DESIGN LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Lanham Act § 15, 5 U.S.C.A. § 1065 .................................................................. 12

Lanham Act §43(a) ............................................................... 13, 18, 20, 21

**Other Authorities**

Fed. R. Civ. Proc. 8(a) ...................................................................... 18, 20

Fed. R. Civ. Proc. 9(b) ............................................................... 18, 19, 20, 21

J. Thomas McCarthy, *McCarthy on Trademark Infringement and Unfair Competition* (5th ed) §31:19 ........................................................... 5

*McCarthy on Trademarks* §16:1 ........................................................ 12

*McCarthy on Trademarks* § 23:10 ..................................................... 14

2 *McCarthy on Trademarks* § 16:1 ..................................................... 11

Rule 12(c) .................................................................................... 3

DEFENDANT OPTICAL SYSTEMS DESIGN LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION

Plaintiff and Counter-Defendant Synopsys, Inc.'s ("Synopsys'") motion for judgment on the pleadings repeats arguments this Court has already rejected, assumes its interpretations of disputed facts require a grant of its motion, and misapplies fundamental principles of trademark law to try to avoid liability for its trademark infringement and concealment of it. It should be denied for the following reasons.

## II.    SUMMARY OF FACTS IN THE PLEADINGS[1]

### A.    Defendant and Counterclaimant OSD.

OSD has offered optical design software and services under the common law trademark "SYNOPSYS™" since 1976. (OCC ¶¶ 10-13; AC ¶ 38 and Exs. 13, 19, 20.) SYNOPSYS™ is a fanciful name OSD's founder created to identify its products and services. (OCC ¶ 10.)  OSD has engaged in extensive sales and marketing efforts for its SYNOPSYS™ software and related services, and it has become well-known and associated with OSD in the optical systems design software marketplace for four decades through those efforts.  (OCC ¶ 11-13.)

### B.    Plaintiff and Counter-Defendant Synopsys.

Plaintiff has done business in the electronic design automation and semiconductor sectors of the computer software industry under the name "Synopsys" since 1986. (OCC ¶ 14; AC ¶¶ 27, 29.)  It acquired "dozens" of registered trademarks that incorporate "SYNOPSYS®" for its products and services in the 1990s and early 2000s. (AC ¶ 1; OCC ¶ 14).  However, it did not offer any

---

[1] All factual citations herein refer to Synopsys' Amended Complaint ("AC ¶"), Dkt. No. 40, or OSD's Answer to Amended Complaint ("AAC ¶") and Counterclaim ("OCC ¶"), Dkt. No.  42.

[1] OSD, the named Defendant herein, is an Arizona LLC.  It is the successor to Optical Design Systems, Inc., a Maine Corporation. (OCC ¶ 11; AC Exs.19 and 20.) OSD LLC acquired the rights and assets of its predecessor OSD Inc. in 2019. (Id; see AC Ex. 31.) As OSD acquired the trademark rights at issue from its predecessor OSD Inc., it refers to both its and its predecessor's actions as the actions of "OSD" herein.

1

optical design software or related services until 2010, when it acquired Optical Research Associates ("ORA"), a company that marketed a "Code V" optical design software product that directly competes with OSD's SYNOPSYS™ optical design software.  (OCC ¶ 16; AC ¶¶ 30-37, 55 and Exs. 2-12 thereto.)

### C.    Plaintiff's Intentional Infringement of OSD's SYNOPSYS™ Mark.

Synopsys now admits that "[s]tarting in late 2010 and early 2011 [after it acquired ORA], Synopsys branded all new Code V® product literature with its SYNOPSYS® trademark(,)" (AC ¶ 45), and it has continuously used SYNOPSYS® to market those competing products and services since that time. (AC ¶¶ 30-37, 55, Exs. 2-12.)  However, it did not so freely admit its actions to OSD as described below.

Synopsys used its SYNOPSYS® marks to sell its directly competitive ORA products and services with full knowledge of OSD and its senior SYNOPSYS™ mark, knowledge it obtained in at least two ways. (OCC ¶¶ 14-15.) First, Synopsys was repeatedly reminded of OSD and its SYNOPSYS™ mark every time it obtained commercial search reports for the "dozens" of trademark applications it filed with the Patent & Trademark Office to obtain its SYNOPSYS® trademark registrations, each of which would have mentioned OSD and its common law SYNOPSYS™ mark in the optical design software and services marketplace. (*Id.*)  Second, personnel from ORA were also well-aware of OSD, its founder, and its SYNOPSYS™ software product and mark for years before and after Synopsys' 2010 acquisition, and Synopsys acquired their knowledge when it acquired ORA. (OCC ¶ 16.)

Despite that knowledge, Synopsys not only began infringing OSD's mark in 2010, it concealed its infringing activities from OSD, which did not know of them. (AAC ¶ 5; OCC ¶¶ 17-18.)  Synopsys initially did not use its "Synopsys" company name to promote its directly competing Code V product, but instead continued to use the name of the company it acquired, ORA, to do so. (*Id.*) Synopsys also intentionally engaged in protracted, bad faith negotiations to purchase OSD's SYNOPSYS™ mark in 2016, 2017, 2018, 2019, 2020, and 2024. (AC ¶¶ 48, 49, 50, 53, and 103, and Exs.

25-32, 36-38.) Unbeknownst to OSD, Synopsys was actively using its SYNOPSYS®
marks obtained in other parts of the computer software space to brand Code V while
it engaged in those negotiations, so Synopsys could overwhelm and reduce, if not
destroy, the value of OSD's goodwill in its preexisting SYNOPSYS™ mark. (AC ¶
57; AAC ¶ 5; OCC ¶¶ 20-28.)

Synopsys actively misrepresented its infringing actions during those
negotiations to conceal them from OSD. OSD noted during negotiations that "[t]he
issue is that my [SYNOPSYS™] mark is confusingly similar to your company
name(,)" it specifically asked if Synopsys intended to use "Synopsys" to market Code
V. (AC Exs. 27:3, 29:2.) In response, Synopsys misrepresented to OSD that it would
not do so, saying "we do not have intention or plan to market any individual product
under the name 'Synopsys' now or in the future(,)" (OCC ¶¶ 17-18, incorporating AC
Ex. 27:3.)

### D.    OSD's Discovery of Synopsys' Infringement.

After Synopsys misrepresented to OSD that Synopsys did not intend to use its
company name to brand Code V in 2018 as described above, OSD in 2019 for the first
time discovered an isolated but "plausible breach" of OSD's trademark rights at a
trade show. (AC ¶¶ 54-55 and Ex. 30:2-3.)   OSD thereafter commenced an
investigation and learned the full extent of Synopsys' infringement by June 2024,
when it sent a cease-and-desist letter to Synopsys and threatened litigation. (AC ¶¶
22-24, 58 and Ex. 32.) Synopsys filed the present declaratory relief action thereafter.

## III.   THE PLEADINGS ALLEGE FACTS THAT PRECLUDE A GRANT OF PLAINTIFF'S MOTION

To survive a Rule 12(c) motion, the pleadings  need only "contain sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'
" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868
(2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167
L. Ed. 2d 929 (2007)); *Eduardo Zarco v. Officer R. Symons*, 2025 WL 2100590, *3
(C.D. Cal. 2025).  "[A] plaintiff is not entitled to judgment on the pleadings when the

answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989). Thus, a motion for judgment on the pleadings should be denied if they raise "factual disputes and affirmative defenses which, if proved, would defeat" plaintiff's recovery. *Williams v. U.S. Secretary of Educ.*, 335 F. Appx. 670, 672 (9th Cir. 2009). This Court may consider documents attached to the pleadings in ruling on such a motion. *Mendoza v. Amalgamated Transit Union International,* 30 F.4th 879, 883 (9th Cir. 2022).

Here, OSD's answer, counterclaims, allegations in and exhibits to Synopsys' amended complaint at least raise factual disputes and affirmative defenses that, if true, require Synopsys' motion be denied as described below.

## IV. FACTUAL DISPUTES PRELUDE JUDGMENT ON THE PLEADINGS A TO THE TIMELINESS OF OSD'S COUNTERCLAIMS

Synopsys' argument that OSD's claims are untimely under applicable limitations periods and equitable laches (Motion 5-14) lacks merit for many reasons.

### A. The Applicable Statutes of Limitations and Laches Should Not Be Measured from 2019.

Both laches and the statutes of limitations are measured from the date a party "knew or should have known" of trademark infringement. *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n,* 465 F.3d 1102, 1108 (9th Cir. 2006). OSD did not know of Synopsys' infringement in 2018, and Synopsys' denying it demonstrates that Synopsys knew OSD did not know of it and actively worked to prevent OSD from discovering it at that time. There would have been no reason for Synopsys to make that misrepresentation if OSD already knew of Synopsys' infringement. (OCC ¶ 21.) OSD did not learn of any possible infringement until 2019 as described above. (OCC ¶¶ 17-20, 27: AC Ex.30:2).

However, that single 2019 "plausible breach" is not sufficient to start the running of either the limitations or laches periods. As a prominent commentator noted,

"laches is not measured from defendant's first unpermitted use of the contested mark. Laches is measured from the date when there is an infringing use sufficient to require legal protest and possible lawsuit. *In most cases, this requires legal action only when defendant's infringing acts significantly impact on plaintiff's good will and business reputation.*" J. Thomas McCarthy, *McCarthy on Trademark Infringement and Unfair Competition* (5th ed) ("*McCarthy on Trademark*") §31:19; emphasis added. *McCarthy* relies on two Ninth Circuit decisions to support that statement of the law. *Reno Air Racing Ass'n., Inc. v. McCord,* 452 F.3d 1126, 1139 (9th Cir. 2006) (trademark owner not expected to file suit over "a mere handful of limited sales" of T-shirts; laches defense rejected); *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n,* 465 F.3d at 1110 9th Cir. 2006) ("[T]he trademark owner need not sue in the face of *de minimis* infringement by the junior user").

Here, the single 'plausible breach" OSD discovered in 2019 explains the investigation OSD thereafter undertook, but it was not sufficient to start the running of the limitations or laches periods. Indeed, the pleadings establish that OSD did not know of infringement sufficient to justify litigation until June 2024, when it contacted Synopsys and demanded it cease using OSD's SYNOPSYS™ mark. (AC Ex. 32.)

Thus, 2024, not 2019, is the date on which the applicable limitations and laches periods should commence, and since that is less than a year before litigation commenced, see Dkt. No. 1, it is well within the four-year limitations and presumptive laches periods under California and Ninth Circuit law. *Reno Air* and *Tillamook,. supra*. All of OSD's counterclaims are therefore timely, and Synopsys' arguments that OSD "knew or should have known" of its infringement sooner (Motion 7-8) merely raise factual disputes that cannot be decided on a motion for judgment on the pleadings.

## B.    OSD's State Law Claims Are Timely Under California Law.

OSD's California common law trademark infringement and Cal. B. & P.C. Code § 17200 claims are not barred by California's four-year statutes of limitations,

for at least four reasons.

First, the limitations periods for the state law claims should not begin to run until OSD discovered them pursuant to California's "discovery" rule. *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1194-96 (2013) (discovery rule should apply to UCL claims). Under that rule, the relevant limitations periods should not be measured from 2019, when OSD first discovered a single "plausible" but isolated infringement, but instead when it discovered that Synopsys' "infringing acts significantly impact[ed] on plaintiff's good will and business reputation" as described in Section A. above. OSD did not gain such knowledge until 2024 as described above, and all its counterclaims are therefore timely under the statutes.

Second, the applicable statutes of limitations were tolled by California's "continuing violation" doctrine. California law recognizes that "[s]ome injuries are the product of a series of small harms, any one of which may not be actionable on its own." *Aryeh*, 55 Cal. 4th at 1197. "Allegations of a pattern of reasonably frequent and similar acts may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period." *Id* at 1198.

OSD's California common law trademark infringement and unfair competition claims allege just such "frequent and similar" acts of trademark infringement that establish "an indivisible course of conduct." While individually each infringing act may not be sufficient to damage OSD's goodwill or the value of its mark, Synopsys' frequent and repetitive use of SYNOPSYS® to brand its directly competitive products and service beginning in 2010 and continuing to the present threatened and threaten to weaken or destroy the value of OSD's common law mark. (AAC ¶¶ 5-6; OCC ¶¶ 21, 28.) OSD's counterclaim alleges such a continuing course of conduct before and within the cited limitations periods, (OCC ¶¶ 22, 27), and the continuing violation doctrine therefore allows OSD to recover damages for all infringing acts that occurred before and after the commencement of those periods. *Yanowitz v. L'Oreal USA*, 36

Cal. 4th 1028, 1058-59 (2005) (continuing violation doctrine applied to toll statute of limitations in FEHA claims because the tort involved a course of conduct rather than isolated acts); *Komarova v. National Credit Acceptance, Inc.* 175 Cal.App.4th 324, 345 (2009) (continuing violation doctrine applies to toll the statute of limitations for harassing debt collection activities); *Aryeh*, 55 Cal. 4th at 1196-98 (holds continuing violation doctrine could apply to UCL claims, but declining to apply it to the case before it because plaintiff's complaint did not allege factors that would warrant its application).

Third, and alternatively, the continuous accrual rule at least permits OSD to pursue its common law trademark infringement and UCL claims for all infringements that occurred within four years of Synopsys' suit herein. Even when the continuing violation doctrine does not apply, California has "long settled that separate, recurring invasions of the same right can each trigger their own statute of limitations." *Aryeh*, 55 Cal. 4th at 1198-1200. The continuous accrual doctrine allows plaintiff to recover for each violation that occurred within the limitations period because "'[w]hen an obligation or liability arises on a recurring basis, a cause of action accrued each time a wrongful act occurred, triggering a new limitations period.'" *Aryeh*, 55 Cal. 4th at 1200 (quoting *Hogar Dulce Hogar v. Community Development Commission*, 110 Cal. App. 4th 1288, 1295 (4th Dist. 2003).

### C.   Any Delay in Bringing OSD's Lanham Act Claim is Justified By *E-Systems* Equitable Considerations.

There is no statute of limitations for Lanham Act violations, and federal courts therefore apply equitable principles of laches to determine the timeliness of such claims. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F. 3d 829, 832 (9th Cir. 2002). Here, even if laches were deemed to apply beginning in 2019 contrary to the law cited above, the equitable considerations articulated by the Ninth Circuit in *Pinkette Clothing, Inc. v. Cosm Warriors, Ltd,* 894 F.3d 1015, 1025 (9th Cir. 2018), quoting *E-Sys., Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983), weigh against applying laches here. Those factors are "(1) strength and value of trademark rights

asserted; (2) plaintiff's diligence in enforcing mark; (3) harm to senior user if relief denied; (4) good faith ignorance by junior user; (5) competition between senior and junior users; and (6) extent of harm suffered by junior user because of senior user's delay(,)" *Pinkette*, 894 F.3d at 1025, quoting *E-Sys*, 720 F.2d at 607, and they all weigh against application of laches in this case as shown below.

### 1. The Strength of OSD's SYNOPSYS™ Mark Weighs Against Laches.

OSD's SYNOPSYS™ mark is fanciful because it is not a recognized word in the English language and does not describe or suggest the nature or character of its software or services. It therefore is a conceptually strong mark. *JL Beverage Company LLC v. Jim Beam Brands Co*., 828 F. 3d 1098, 1107 (9th Cir. 2016). It also has acquired commercial strength through its advertising and use in the marketplace for almost 50 years. (OCC ¶ 11-13.)  This factor therefore weighs against the application of laches. *M2 Software, Inc. v. Madacy Entm't,* 421 F.3d 1073, 1080–81 (9th Cir.2005) (conceptually strong mark deserves protection); *M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540, *17 (C.D. Cal. July 16, 2024) (commercial strength of suggestive mark weighed against application of laches).

Synopsys' argument that its junior marks are stronger than OSD's (Mot. 9) merely raises a factual dispute that cannot be resolved on this motion for judgment on the pleadings. It also implicitly acknowledges that Synopsys is causing reverse confusion by its infringing conduct. Equity hardly favors the party who claims its mark is stronger because its own infringement weakened the senior user's mark.

### 2. OSD's Diligence Weighs Against Laches.

After being affirmatively misled by Synopsys in 2018, OSD did not learn of a single instance of possible infringement until 2019 as described above, and did not learn "whether the scope of proposed infringement will justify the cost of litigation" until 2024. justifying a delay until that time. *Eat Right Foods,* 880 F.3d 1109, 1117 (9th Cir. 2017)*,* quoting *Evergreen, Evergreen Safety Council v. RSA Network, Inc.,* 697 F.3d 1221, 1227 (9th Cir. 2012) (factual disputes over whether delay in filing suit

8

reasonable because caused by plaintiff's desire to settle dispute without litigation raided a factual question precluded summary judgment on the laches issue). OSD's diligence therefore also weighs against the application of laches. Synopsys' arguments otherwise (Mot. 9) again only raise factual disputes that cannot be resolved on this motion for judgment on the pleadings.

Synopsys' argument that OSD must have known of Synopsys' infringement in 2011 because it identified itself as "the real Synopsys" on its website at that time (Mot. 9-10) conflates presumed knowledge of Synopsys' acquisition of ORA with knowledge of Synopsys' infringement of OSD's mark, repeating an argument Synopsys unsuccessfully made to oppose OSD's previous motion to dismiss. See Dkt. No. 34:5-6. As described at length in connection with that motion, acquisition of a company that sells a competing product is not trademark infringement, only Synopsys' use of a confusingly similar name or mark to sell that competing product is. See *Synoptek, LLC v. Synaptek Corporation*. 309 F. Supp. 3d 825 (C.D. Cal. 2018). If Synopsys had continued to brand Code V as an ORA product after the acquisition, as Synopsys led OSD to believe it had, See ACC ¶ 5, trademark rights would not have been implicated. Synopsys' arguments otherwise again only raise factual disputes that cannot be resolved on this motion.

### 3.    The Harm to OSD's SYNOPSYS™ Mark Weighs Against Laches.

"Allowing [Synopsys} to use a mark that is nearly indistinguishable from [OSD's SYNOPSYS™] mark certainly harms [OSD.] That factor weighs against the application of laches." *M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540 at *18.

Synopsys' citation to *Grupo Gigante* should not change that determination. There, two companies that largely used the "Gigante" mark *in different countries* had "co-existed" peacefully for 10 years, with the American junior user defendant only operating three stores in the US during that period. Neither the Ninth Circuit nor the district court precluded the Mexican senior trademark owner from pursuing trademark infringement claims against the US junior user, and the district court affirmatively

9

found that the US defendant's use of a virtually identical mark meant "that a
likelihood of confusion exists." *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.,* 119
F. Supp. 2d 1083, 1094 (C.D. Cal. 2000). However, because there was no dispute that
the Mexican senior trademark owner knew the US defendant had made that limited
use of the mark in the US over those 10 years, the district court found that laches
barred injunctive relief, though it did that only so long as that "status quo" was
maintained. The district court "warned… that if [defendants] changed the nature or
extent of their operations under the *Gigante* name [in the US]… injunctive relief may
be appropriate…" *Grupo Gigante SA De CV, v. Dallo & Co., Inc*., 391 F. 3d 1088,
1103 (9th Cir. 2004).

Here, like, *Grupo Gigante*, Synopsys' use of a virtually identical mark in the
optical design software and services space means "that a likelihood of confusion
exists." 119 F. Supp. 2d at 1094. In sharp contrast to *Grupo Gigante*, however, here
OSD did *not* know of Synopsys' infringement, did not know that Synopsys actively
misrepresented its actions to conceal its infringement, and did not know that Synopsys
intentionally engaged in massive infringement to overwhelm and destroy OSD's
trademark rights while Synopsys was concealing its infringement from OSD.
Synopsys also has not engaged in a "limited" use of SYNOPSYS® in the optical
design software space, instead boasting in its motion that its extensive use has given
it stronger rights than senior user OSD as described above. Synopsys should not be
rewarded for its claimed success in that effort, *Grupo Gigante* does not hold that it
should, and this factor weighs against application of laches.

### 4.    Synopsys' Intentional Infringement Weighs Against Laches.

Although a junior user's good faith ignorance of its infringement can weigh in
favor of laches, Synopsys does not and cannot claim that it was ignorant of OSD and
its SYNOPSYS™ mark when Synopsys began using SYNOPSYS® in the optical
design software and services marketplace as described at length above. To the
contrary, Synopsys had decades of knowledge of OSD and its senior use of

DEFENDANT OPTICAL SYSTEMS DESIGN LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS

SYNOPSYS™ when it began its infringing activity in 2010 as described at length above. This factor therefore weighs against application of laches. *M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540 at \*18.

Synopsys' argument that its junior registrations in other sectors of the computer software industry give it a right to "extend() its existing brand and goodwill" to ORA products in the optical design software space, and that its doing so  is not a "a false designation," (Mot. 11-12, 17-19) betrays a profound misunderstanding of fundamental principles of trademark law that neither supports the application of laches nor protects Synopsys from liability for  false designation of origin under the Lanham Act, for several reasons.

First, trademark rights in the U.S. are acquired through use in commerce, not registration.  *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 979 (9th Cir. 2006) (trademark "[r[egistration does  not  create a mark or confer ownership" because "only use in the marketplace can establish a mark," citing *McCarthy on Trademarks* § 19:3, at 19–15 to –16 (4th ed. 2005). "All common law and registration rights" rest on the use-based rule of "first-in-time, first-in-right."  2 *McCarthy on Trademarks*  § 16:1 (collecting cases).

Second, once a non-registrant senior user has acquired nation-wide common law rights though such use in commerce, those rights are and remain superior to the rights of a junior user in the relevant marketplace, even if the junior user later acquires an incontestable federal registration. The Ninth Circuit has repeatedly affirmed this principle in many settings. See *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 436 (9th Cir. 2017) ("Omnia's  common-law rights, if they exist, are not wiped out merely because Stone Creek later filed a federal registration"); *Watec Co., Ltd. v. Liu*, 403 F.3d 645 (9th Cir. 2005) (foreign manufacturer's prior nationwide advertising and promotion  gave it superior common law rights to the former U.S. importer with a junior incontestable registration, and the importer infringed the senior user's  common  law  rights  when  it  used  the  mark); *Sengoku Works Ltd. v. RMC*

*Intern., Ltd*., 96 F.3d 1217, 1220, 40 U.S.P.Q.2d 1149 (9th Cir. 1996) ("if the non-registrant can show that he used the mark in commerce first, then the registration may be invalidated"); see also, *GeoData Systems Management, Inc. v. American Pacific Plastic Fabricators, Inc*., 2015 WL 12731920 at *9 (C.D. Cal September 21, 2015) ("Federal registration does not cut off pre-existing common law rights").

The same rule is uniformly followed in other Circuits. The Sixth Circuit has called this a "bedrock principle of trademark law(,)" *Allard Enterprises, Inc. v. Advanced Programming Resources, Inc*., 1446 F. 3d 350. 356 (6th Cir. 1998), and it has been so widely established that *McCarthy* articulates it repeatedly, in differing ways and different language, throughout his treatise, collecting cases from around the country in doing so.   See, e.g., *McCarthy on Trademarks* §16:1("Priority of use determines ownership of a mark. First-in-Time, First-in-Right") (collecting cases); §16:18.50 ("Federal registration does not cut off the pre-existing common law rights of others. Federal Registration Does Not Trump Prior Common Law Rights.") (collecting cases); §19:3 ("Actual Use in the Marketplace Creates Priority and Ownership. Common Law Rights Continue After a Mark is Federally Registered") (collecting cases); and § 26:53 ("Common law senior user's defense under Lanham Act § 15, 5 U.S.C.A. § 1065. Federal Registration Does Not Erase Senior Non-Registered Rights") (collecting cases).

Synopsys asks this Court to reject this "bedrock" trademark principle and rule, contrary to all relevant case law, including the Ninth Circuit case law cited above, to rule that it cannot be liable for infringing OSD's senior common law trademark rights in the optical design software and services marketplace because it "owns" junior trademark registrations it obtained in other parts of the computer software marketplace, and  therefore has a right to "expand its brand" into the optical design software and services space in which OSD has pre-existing superior rights. This Court should decline that invitation to reject fundamental trademark law so Synopsys can escape accountability for its intentional trademark infringement.

12

Third, the cases Synopsys cite do not support its argument. Neither *Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136, 1148 (S.D. Cal 2021), nor *City of Leavenworth v. Projekt Bayern Association*, 2022 WL 4546550 (E.D. Wash. September 28, 2022), nor *City-Core Hospitality, LLC v. Palmer*, 2018 WL 398257 (N.D. Cal Jan. 12, 2018), involved an owner of senior common law trademark rights suing a junior federal registrant for infringement. *Zamfir* merely denied a preliminary injunction because, *inter alia*, plaintiff did not show that he had superior common law rights in the mark in dispute. *Zamfir* nevertheless acknowledged that plaintiff might be able to allege unfair competition without a preexisting mark under the broad language of 15 U.S.C. § 1125(a), and did not dismiss that claim so plaintiff could pursue it. *Id.* Similarly, *City of Leavenworth* only denied a preliminary injunction because plaintiff did not show it had superior rights to use the mark in which defendant had obtained a registration, without deciding the ultimate merits of the claim. *City-Core Hospitality* merely ruled that a trademark licensee could not state a §43(a) Lanham Act claim against its trademark licensor because, as the junior user, the licensee could not have superior rights to the licensor, an issue not relevant here.

None of those cases are remotely similar to OSD's counterclaims. None involved a plaintiff or counterclaimant who, like OSD, claims common law trademark rights in the optical design software and services space that preceded Synopsys' use by decades and are therefore superior to Synopsys' rights in that space. None of them involved a complaint or counterclaim that alleged trademark infringement under §43(a) precisely because the counterclaimant has superior common-law trademark rights to the junior trademark registrant's mark in the relevant optical design software and services marketplace. None of those cases purported to address, let alone distinguish or dispute, the Ninth Circuit and other case law cited above which holds that a plaintiff with senior common-law trademark rights can successfully recover from a junior federal registrant when the junior user infringes the senior common-law trademark owner's rights. Synopsys' profound misunderstanding of fundamental

13

trademark law does not weigh in favor of laches, invalidate OSD's Lanham Act claim, or support a grant of Synopsys' motion.

Fourth, Synopsys' argument that the "strength" of its junior trademark registrations should preclude liability are refuted by the entire body of Ninth Circuit and other reverse confusion case law, the whole point of which is to allow a senior user to protect itself against a more powerful junior user who seeks to overwhelm the senior user's mark in the marketplace. As the Ninth Circuit stated in reversing a summary judgment for a junior user on reverse confusion grounds, "a famous mark like DreamWorks SKG casts a long shadow. Does the result change in a reverse infringement case because the long shadow is cast by the junior mark? We think not." *Dreamwerks Production Group, Inc. v. SKG Studio*, 142 F. 3d 1127, 1130 (9th Cir.1998); see also, *Ironhawk Technologies, Inc. v. Dropbpx, Inc*., 2 F. 4th 1150, 1159 (9th Cir. 2021) (reversing summary judgment for junior user because of factual disputes as to reverse confusion); *McCarthy on Trademarks* § 23:10 (collecting cases).

### 5. Synopsys' and OSD's Direct Competition Weighs Against Laches.

"Plaintiff and [OSD] are direct competitors in the market for [optical design software and services]." This factor therefore "weighs against the application of laches." *M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540 at *18. Synopsys does not even argue otherwise, instead asking this Court to ignore this factor. (Mot. 13.)

### 6. The Lack of Prejudice To Synopsys Weighs Against Laches.

Either expectations-based or evidentiary prejudice to a junior user can weigh in favor of laches. *Eat Right Foods*, 880 F.3d at 1119. However, "only expenditures [by a junior user] made after a [senior trademark owner] plaintiff 'knew or should have known about the potential claim' will support a finding of expectations-based prejudice." *Id.* at 1120 (quoting *Kling v Hallmark Cards Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000)). As OSD only knew of the scope of Synopsys' infringement in 2024, no such expectations-based prejudice can be present here. Further, nothing in the

14

pleadings supports an argument that any delay by OSD "has led to 'lost, stale or degraded evidence or witnesses whose memories have faded, or who have died." *Eat Right Foods*, 880 F.3d at 1120. Thus, this factor weighs against laches.

### 7. Weighing the *E-Systems* Factors Favors a Rejection of Laches.

The facts alleged in the pleadings overwhelmingly weigh against application of the laches defense as shown above. All six of the relevant factors affirmatively favor OSD, and Synopsys' arguments otherwise at most raise factual disputes that cannot be resolved on this motion. Ultimately, "it would be the greater injustice to preclude" OSD's counterclaims against Synopsys than to permit OSD to pursue then. *M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540 at *18. Laches should not apply.

### D. Synopsys' Unclean Hands Bar Its Laches Claims.

"A party with unclean hands may not assert laches." *Pinkette*, 894 F.3d at 1029, quoting *Jarrow Formulas*, 304 F.3d at 841. "The willful infringement exception ... bars a laches defense ... if Defendant acted 'with knowledge that its conduct constituted trademark infringement.' " *Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 957 (9th Cir. 2001), "Willful infringement occurs when the defendant knowingly and intentionally infringes on a trademark." *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1216-17 (9th Cir. 2003). OSD's answer and counterclaim allege facts that satisfy these requirements, and therefore bar application of laches on this motion. *M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540, at *19-*20 (C.D. Cal. July 16, 2024).  Synopsys' argument that OSD has not adequately pleaded an unclean hands defense (Mot. 20-21) lacks merit for several reasons.

First, Synopsys ignores the unclean hands allegations that are in OSD's answer and counterclaims. OSD alleges that with full knowledge of OSD's preexisting rights in SYNOPSYS™,  Synopsys beginning in 2010 willfully and intentionally infringed OSD's rights in OSD's  SYNOPSYS™ mark to both benefit from the goodwill associated with OSD's mark and use Synopsys' greater size, market power, resources,

15

presence in the marketplace and trademark registrations for SYNOPSYS® in other sectors of the computer software marketplace to overwhelm and damage OSD's rights and goodwill in its SYNOPSYS™ mark, causing the consuming public to mistakenly believe that OSD's preexisting SYNOPSYS™ optical design software mark and product was associated with Synopsys. (AAC ¶ 6.) To factually support that claim, OSD alleges that Synopsys (i) knew of OSD and its decades-long use of its senior SYNOPSY™ mark in the optical design software space before and after its 2010 acquisition of ORA and Code V in 2010, but intentionally decided to use its virtually indistinguishable junior SYNOPSY® marks to brand Code V anyway; (ii)  initially concealed its infringing actions from OSD by using ORA's name  to  promote its directly competing "Code V" product; (iii) intentionally engaged in protracted, bad faith negotiations over a period of years to purchase OSD's SYNOPSYS™ mark while, unbeknownst to OSD, Synopsys was actively branding Code V with the SYNOPSYS® marks it obtained in other parts of the computer software space; (iv) affirmatively misrepresented to OSD during those negotiations in 2018 that it did not use and did not intend to use SYNOPSYS® to promote any competitive product. including Code V, even though it had been doing so for years, and (v) did all of the above to infringe OSD's rights and overwhelm and reduce, if not eliminate,  the value of OSD's goodwill in its preexisting SYNOPSYS™ mark, so that Synopsys could acquire it without compensation to OSD, or least at an artificially and unfairly low price, and delay action by OSD so it could claim OSD waited too long to enforce its trademark infringement rights because they are barred by laches. (AAC ¶ 5, incorporated by reference into ¶ 6.)

Second, the above allegations more than adequately support OSD's unclean hands defense under the law of this Court and this Circuit. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957 (9th Cir. 2001); accord, *M.I.B. Group LLC v. Aguilar*, 2024 WL 3857540, at \*19-\*20 (C.D. Cal. July 16, 2024). Unclean hands must relate directly to the trademark rights OSD and Synopsys seek to enforce or deny, *Valentino S.p.A. v.*

*Mario Valentino S.p.A.*, 2021 WL 6882327, at \*15 (C.D. Cal. April 9, 2021) but "an unclean hands defense is 'related' if it concerns 'the getting or using of the trademark rights that plaintiff [or in this case, counterclaimant OSD] was attempting to enforce.'" *Id.*

OSD's unclean hands defense relates directly to Synopsys' intentional use of its junior registered marks to mislead the public and weaken or overwhelm OSD's senior common law mark, actions that directly relate to OSD's mark and OSD's ability to enforce its mark against Synopsys. It also directly relates to Synopsys' actions to delay OSD's discovery of Synopsys' infringing actions to cause greater harm to OSD for a longer time period, and thus allow Synopsys to argue, as it does in this action and this motion, that OSD has no trademark rights because Synopsys succeeded in destroying them. This is precisely the type of "wrongfulness, willfulness, bad faith, or gross negligence" this Court has noted supports the unclean hands defense, see Dkt. No. 39:8, and these allegations are more than adequate to require denial of Synopsys' motion for judgment on the pleadings based on laches. *M.I.B. Group LLC*, 2024 WL 3857540, at \*19-\*20 (former employee's creation of competing business with a nearly identical name showed "wrongfulness, willfulness and bad faith" sufficient to establish unclean hands on summary judgment). Synopsys' arguments otherwise, again, only raise factual disputes that cannot be resolved on this motion. See *Iovino v. Am Trust Financial Services, Inc.*, 2025 WL 343356, \*3 (D. Nev. January 30, 2025) (motion to dismiss counterclaim on laches and unclean hands grounds denied because ruling on those questions "would require me to review material outside the pleadings"); *New Penn Financial, LLC v. Riverwalk Ranch Master Homeowners Association*, 2018 WL 5621864 (D. Nev. October 29, 2018) (motion to dismiss laches and unclean hands defenses denied because they "are affirmative defenses that raise factual issues not suitable for resolution on a motion to dismiss").

Third, Synopsys' argument that its unclean hands do not "relate" to OSD's

17

trademark rights because "Synopsys does not enforce **any** trademark rights in this action" (Mot. 21) is a frivolous and inaccurate *non sequitur*. Synopsys' unclean hands relate to its intentional infringement of *OSD's* trademark rights, which are the rights OSD is "attempting to enforce" in its counterclaims as described above. *Valentino S.p.A* at *15. Further, Synopsys is wrong even under its own faulty logic, as it claims its own junior trademark registrations in other sectors of the marketplace give it the right to "expand its brand" into the optical design software and services marketplace in which OSD has superior rights contrary to trademark law as described above, and therefore it *is* attempting to "enforce" those rights.

## V.    PLAINTIFF'S ALTERNATIVE GROUNDS FOR JUDGMENT ON THE PLEADINGS LACK MERIT

### A.    OSD Adequately States a Counterclaim for False Designations of Origin Under the Lanham Act.

Synopsys' argument that OSD's Lanham Act false designation of origin claim must be pled with particularity under Fed. R. Civ. Proc. 9(b) because it is "grounded in fraud" (Mot. 15-17) lacks merit for several reasons.

First, OSD's Lanham Act claim is "grounded in" trademark infringement of OSD's common law mark under Section 43(a) of the Lanham Act, not "fraud." (OCC ¶¶ 29-34.) Even an unregistered mark "may still be enforceable under § 43(a) of the Lanham Act, which creates a federal cause of action for trademark infringement." *Matal v. Tam*, 582 U.S. 218, 137 S. Ct. 1744, 1752, 198 L. Ed. 2d 366 (2017). Such a claim is established by alleging infringing use that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the defendant's mark with the plaintiff's mark." *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403–04 (9th Cir. 1997). The pleading requirements of Fed. R. Civ. Proc. 8(a) apply to such claims. *Planet Coffee Roasters, Inc. v. Dam*, 2009 WL 2486457 (C.D. Cal 2009) (denying motion to dismiss infringement of unregistered mark claim because complaint met Rule 8(a) pleading standards).

Second, the Ninth Circuit has never applied Rule 9(b) to any false designation claim, and district courts have done so only for claims that involve false and fraudulent misrepresentations, such as occur in false advertising cases. *Gopher Media LLC v. Modern Doc Media,* 2023 WL 350531 (S.D. Cal. Jan 20, 2023) (noting "the Ninth Circuit has not decided whether the heightened pleading standard of…Rule…9(b)… applies to Lanham Act claims," but applying it to the false advertising claim before it); *Warner Bros. Entertainment Inc. v. Random Tuesday, Inc.*, 2020 WL 12762735, *9 (C.D. Cal. November 9, 2020) (denying motion to dismiss Lanham Act false advertising claim under Rule 9(b)); *Luna Distributing LLC v. Stoli Group (USA), LLC*, 2018 WL 5099277 at *15 and n. 5 (C.D. Cal. July 10, 2018) (Rule 9(b) would not apply to any common law trademark infringement claim before it, but could apply to false advertising claim).

Nor do allegations of intentional and willful infringement change the relevant pleading standards. As in the related patent infringement setting, "[w]illfulness does not equate to fraud," …so "the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Lashify, Inc. v. Urban Dollz LLC*, 2023 WL 12086717, *3 (C.D. Cal. September 26, 2023), quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

There is good reason for such a distinction. Otherwise, every plaintiff alleging intentional trademark infringement would have to identify each infringing act occurring over a period of years with "particularity." No court in the Ninth Circuit, including the decisions cited by Synopsys, has ever so held, while courts in this district, including courts cited by Synopsys, have refused to do so. See *Julian Bakery, Inc. v. Healthsource International, Inc.*, 2018 WL 1524499, *4 (S.D. Cal. March 28, 2018) ("Regardless of the fraudulent averments included in the trademark infringement cause of action, the Court declines to apply the heightened pleading standard to Plaintiff's trademark infringement claim…as it is unsupported by the vast

majority of case law(,)"  and instead applies Rule 9(b) to the false advertising claim before it because it "sounds in fraud"); *Sparrow Inc. v. Lora*, 2014 WL 12561587 (C.D. Cal. Aug. 5, 2014) (applying rule 9(b) to defendant's misrepresentation-based Lanham Act claim).

Third, although not needed to allege common law trademark infringement under Lanham Act § 43(a) as described above, OSD has pleaded "with particularity" Synopsys' misrepresentation to OSD about Synopsys' infringing activities, which support OSD's intentional infringement allegations and unclean hands defense.   The Ninth Circuit has held that **"in a case where fraud is not an essential element of a claim, only allegations… of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)").** *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-04 (9th Cir. 2003) (applying Rule 9(b) to claim for false advertising under Cal. B. & P. C. § 17500,)

Here, OSD's allegations and an incorporated exhibit to Synopsys' amended complaint establish that on June 6, 2018, during Synopsys' negotiations to purchase OSD's SYNOPSYS™ mark, Don Dilworth of OSD asked Denise Kim of Synopsys, "is your intention to market your own software under the name 'SYNOPSYS'…?" (OCC ¶¶ 17-18, incorporating AC Ex. 27:3.) In response, Denise Kim of Synopsys represented to Don Dilworth of OSD on June 6, 2018 that "We do not have intention or plan to market any individual product under the name 'Synopsys' now or in the future." (*Id*.) That representation was at least highly misleading, and proven false by Synopsys' current admission that "Synopsys branded all new Code V product literature with its SYNOPSYS® trademark" after it acquired ORA in 2010. (AC 45.) Those exhibits are part of the pleadings, which therefore include their contents. *Eduardo Zarco,* 2025 WL 2100380 at *4. They therefore state the context of Synopsys' misrepresentation, when the misrepresentation was made, identify the person at Synopsys making the misrepresentation, identity the person at OSD who

received the misrepresentation, describe exactly what the misrepresentation is, and describe why the representation is misleading, satisfying the "particularity" requirements of Rule 9(b) to the extent they apply under *Vess*. Synopsys' argument that they do not so because the misrepresentation does not mean what it says (Mot. 16) has nothing to do with pleading standards, but instead attempts to raise a factual dispute that cannot be resolved on this motion.

### B.    OSD Has Adequately Alleged A False Designation By Synopsys.

Synopsys' argument that OSD has not adequately alleged a Section 43(a) violation (Mot. 17-19) lacks merit for the reasons described at length in Section IV.C.4, *supra*.

### C.    OSD'S Prayer for Relief on Synopsys' Declaratory Relief Claim is Proper.

Synopsys' argument that OSD cannot pray for declaratory relief because it has not asserted a declaratory relief counterclaim (Motion 19) ignores the fact that Synopsys seeks declaratory relief that "OSD has not developed exclusive trademark rights in its unregistered SYNOPSYS™ mark." (AC ¶¶ 100, 106; AC Prayer for Relief ¶ 1.) OSD's answer denies Synopsys' allegation (AAC ¶ 3), and asks this Court to declare that, to the contrary, "OSD owns valid and subsisting trademark rights in its SYNOPSYS™ mark in the optical design software space that are superior to any trademark rights Synopsys claims in that space." (AAC and OCC Prayers for Relief ¶¶ A., C.) There is nothing improper in OSD praying for the relief it requests in response to the declaratory relief Synopsys seeks.

### D.    OSD Adequately Pleads an Unclean Hands Affirmative Defense.

Synopsys' argument that OSD has not adequately alleged unclean hands (Mot. 20-21) lacks merit for the reasons described at length above in Section IV. D, *supra*.

## VI.    ALTERNATIVELY, OSD SHOULD BE GRANTED LEAVE TO AMEND

Synopsys' motion should be denied for all the reasons described above, but should this Court believe that additional facts should be alleged to support OSD's counterclaims and defenses, it respectfully requests leave to amend its counterclaims

21

to add them, as is routinely allowed in the motion for judgment on the pleadings setting. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (if a court grants a motion for judgment on the pleadings, leave to amend should be granted unless futile.)

## VII.   CONCLUSION

Synopsys' motion for judgment on the pleadings should be denied in its entirety for all the reasons described above.

Dated: August 18, 2025                    Respectfully submitted,

                                          RIMON, P.C.


                                 By:   /s/ Mark S. Lee
                                       Mark S. Lee (SBN: 94103)
                                       RIMON, P.C.
                                       mark.lee@rimonlaw.com
                                       2029 Century Park East, Suite 400N
                                       Los Angeles, CA   90067
                                       Telephone/Facsimile: 310.375.3811

                                       RIMON, P.C.
                                       Kendra Orr (SBN256729)
                                       kendra.orr@rimonlaw.com
                                       50 California Street, Suite 1500
                                       San Francisco, California 94111
                                       Telephone: 415.683.5472

                                       RIMON, P.C.
                                       Michael S. Lazaroff (Admitted *Pro Hac Vice*)
                                       michael.lazaroff@rimonlaw.com
                                       400 Madison Avenue, Suite 11D
                                       New York, New York 10017
                                       Telephone: 646.738.4151

                                       Attorneys for Defendant
                                       OPTICAL SYSTEMS DESIGN LLC