RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811

RIMON, P.C.
Kendra Orr (SBN 256729)
kendra.orr@rimonlaw.com
50 California Street, Suite 1500
San Francisco, California 94111
Telephone: 415.683.5472

RIMON, P.C.
Michael S. Lazaroff (admitted *Pro Hac Vice*)
michael.lazaroff@rimonlaw.com
400 Madison Avenue, Suite 11D
New York, New York 10017
Telephone: 646.738.4151

Attorneys for Defendant
OPTICAL SYSTEMS DESIGN LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPTICAL SYSTEMS DESIGN LLC, <br><br> Defendant. | Case No. 2:24-CV-10515-DSF-JC <br><br> **AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AMENDED COUNTERCLAIM OF DEFENDANT OPTICAL SYSTEMS DESIGN LLC** <br><br> The Honorable Dale S. Fischer |

Defendant and Counterclaim Plaintiff Optical Systems Design LLC ("OSD"), by and through its counsel of record, submits the following Amended Answer to the Amended Complaint asserted by Plaintiff Synopsys, Inc. ("Synopsys"), and alleges the Amended Counterclaims set forth below against Synopsys, by admitting, denying and averring as follows.

## ADMISSIONS AND DENIALS

1.   OSD admits the allegations of paragraphs 14 through 20, 31 and 38 of the First Amended Complaint ("FAC"), and admits the authenticity of Exhibits 13-23, 25-32, and 34 thereto. With regard to the allegations of paragraphs 25, 41 and 42 of the FAC, OSD admits that in March 2024, it filed a trademark application to register for SYNOPSYS, Application No. 98451705, claiming a first use date prior to any first use date claimed by Synopsys for goods in the same class, and admits that it filed for an extension of time to file an opposition to Synopsys' pending trademark application No. 97,904,314 in October 2024. It denies the remaining allegations in those paragraphs. With regard to the allegations of paragraph 43, OSD admits that it was familiar with ORA and the Code V product before 2010, and denies the remaining allegations in that paragraph. With regard to the allegations of paragraph 45, it admits that by September 2011, its website described its software product as "The *real* SYNPOSYS," admits that by May 2013, OSD's website compared OSD's SYNOPSYS software with Code V, and denies the remaining allegations in that paragraph. With regard to the allegations of paragraphs 48 through 51 and the cited Exhibits 25 through 29, OSD admits that after it met with Synopsys representatives at a trade show in San Diego in 2016, it began exploring the possibility of Synopsys acquiring OSD, including OSD's SYNOPSYS™ mark, admits OSD engaged in unsuccessful negotiations with Synopsys for such an agreement into 2019, and admits that as stated in Ex. 27, during those negotiations OSD asked Synopsys, "is your intention to market your own software under the name 'SYNOPSYS', or just to insure that I market my own under a different

1
AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AMENDED COUNTERCLAIM OF DEFENDANT OPTICAL SYSTEMS DESIGN LLC

name?", in response to which Synopsys represented that "[w]e do not have intention or plan to market any individual product under the name 'Synopsys' now or in the future."

2. With regard to the allegations in paragraphs 27 through 30 and 32 through 36, OSD lacks information and belief sufficient to admit or deny the allegations in those paragraphs, and therefore denies those allegations.

3. OSD denies all of the remaining allegations set forth in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

4. OSD asserts the following additional defenses to the Amended Complaint. In doing so, OSD does not assume any burden of proof on any issue that is Synopsys' burden as a matter of law. OSD also reserves the right to amend or supplement these defenses as additional facts become known.

## FIRST DEFENSE
### (Excusable Delay)

5. Any delay in OSD's asserting its trademark rights against Synopsys is excusable, and OSD's claims against Synopsys are not barred by the doctrines of laches, equitable estoppel, or any other equitable defense because, *inter alia:* (a) Synopsys knew of OSD's SYNOPSY™ mark in the optical design software space before and after its 2010 acquisition of Code V in 2010, (b) OSD is informed and believes Synopsys initially did not use its "Synopsys" company name to promote its directly competing "Code V" product, but instead continued to use the name of the company it acquired in 2010, Optical Research Associates ("ORA"), to do so; (c) OSD initially did not know Synopsys began using its company name to promote Code V; (d) Synopsys intentionally engaged in protracted, bad faith negotiations over a period of years to purchase OSD's SYNOPSYS™ mark while, unbeknownst to OSD, Synopsys was actively associating Code V with its "Synopsys" name and the SYNOPSYS® marks it obtained in other parts of the computer software space,

so that Synopsys could "invest( ) substantial resources into the marketing and sales of all of its products and services" (Complaint, Dkt. No. 1, ¶ 57), to overwhelm and reduce, if not eliminate, the value of OSD's goodwill in its preexisting SYNOPSYS™ mark, so that Synopsys could acquire it without compensation to OSD, or least at an artificially and unfairly low price, and (e) Synopsys affirmatively misrepresented to OSD in 2018 that it did not use and did not intend to use its "Synopsys" company name or registered SYNOPSYS® marks to promote any competitive product, stating that ""we do not have intention or plan to market any individual product under the name 'Synopsys' now or in the future."

## SECOND DEFENSE

### (Unclean Hands)

6. The claims asserted in the First Amended Complaint are barred by the equitable doctrine of unclean hands because, *inter alia*: a) Synopsys began using its name "Synopsys" in the computer software marketplace and began applying for SYNOPSYS® trademark registrations with full knowledge of OSD's SYNOPSYS™ mark beginning no later than 1989, to free-ride off the goodwill associated with OSD's SYNOPSYS™ mark and otherwise take advantage of the similarity between the two companies' marks; (b) Synopsys misled OSD as to its intentions and conduct regarding OSD's SYNOPSYS™ mark as described in paragraph 5. above, which is incorporated by reference, with full knowledge of OSD's preexisting rights in SYNOPSYS™; (c) Synopsys beginning in 2010 with full knowledge of OSD's senior rights in SYNOPSYS™, willfully and intentionally infringed OSD's rights in OSD's SYNOPSYS™ mark to both benefit from the goodwill associated with OSD's mark and use Synopsys' greater size, market power, resources, presence in the marketplace and trademark registrations for SYNOPSYS® in other sectors of the computer software marketplace to overwhelm OSD's rights and goodwill in its SYNOPSYS™ mark, causing the consuming public to mistakenly believe that OSD's preexisting SYNOPSYS™ optical design

software mark and product was associated with Synopsys; (d) to mislead OSD as to its intentions and actions after its 2010 acquisition of ORA, and to induce OSD to not take action against Synopsys with regard to Synopsys for years after its acquisition, Synopsys (i) continued to use the name ORA to market its Code V product; (ii) engaged in bad faith negotiations to acquire OSD's SYNOPSYS™ mark without any real intent to acquire that mark from OSD; (iii) during those negotiations in 2018, Synopsys misleadingly represented that "we do not have intention or plan to market any individual product under the name 'Synopsys' now or in the future," when in fact, unbeknownst to OSD Synopsys [s]tarting in late 2010 and early 2011, Synopsys had branded all new Code V® product literature with its SYNOPSYS® trademark; and (d) after OSD placed Synopsys on notice of its discovery of a "plausible breach" of OSD's objections to Synopsys' continued use of the SYNOPSYS® marks to identify products in the optical design software space in violation of OSD's common law rights in SYNOPSYS™ in 2019, Synopsys continued using its SYNOPSYS® trademarks to infringe OSD's rights with full knowledge that OSD objected to such use, while continuing to engage in negotiations to acquire OSD's SYNOPSYS® trademark to induce OSD to delay taking action against Synopsys.

### THIRD DEFENSE

7. OSD reserves the right to assert other affirmative defenses which may become evident or appropriate at trial.

### OSD'S COUNTERCLAIMS

Defendant and Counterclaimant OSD complains of Plaintiff and Counter-Defendant Synopsys, and alleges as follows.

### NATURE OF THE COUNTERCLAIMS

1. Counter-Defendant Synopsys has engaged in willful trademark infringement, false designation of origin and unfair competition in violation of the laws of the United States and the State of California.

2.      This case concerns Synopsys' willful infringement of OSD's SYNOPSYS™ mark, which OSD has used to market its optical design software products and services since 1976. Synopsys' actions and inactions in using "Synopsys" with full knowledge of OSD's SYNOPSYS™ mark beginning no later than 1989, and in using it in the same optical design software space as OSD has used and uses its SYNOPSYS™ mark beginning in 2010, as well as its actions to conceal from OSD Synopsys' efforts to both free-ride off the goodwill associated with OSD's pre-existing SYNOPSYS™ mark and use Synopsys' greater resources, market presence, and trademark rights in other sectors of the computer software market to overwhelm the goodwill associated with OSD's STNOPSYS™ mark in the optical design software market, and misappropriate it, infringes OSD's trademark rights.

3.      OSD expended substantial resources developing, marketing, promoting and selling its optical design software products and services bearing the SYNOPSYS™ mark beginning in the 1970s, and continued doing so over a period of 34 years.  With full knowledge of OSD and its use of OSD's SYNOPSYS™ mark used in the optical design software marketplace, Synopsys in 2010 acquired a directly competing optical design software product called Code V through its acquisition of a company called Optical Research Associates ("ORA"). OSD did not know that Synopsys planned to and did begin using its company name "Synopsys" to promote Code V shortly after it acquired ORA. Nevertheless, with full knowledge of OSD's  pre-existing use of its competing SYNOPSYS™ mark  to promote OSD's optical design software products, services, beginning shortly after it acquired ORA in 2010, Synopsys used its much larger size, marketing resources and power in the broader software marketplace to mislead the public into falsely believing that either Synopsys' Code V product was associated with OSD, or that OSD's SYNOPSYS™ optical design software products were associated with Synopsys, intentionally causing both forward and reverse confusion in the optical design

software marketplace to OSD's damage.

4. Synopsys' acts were undertaken without OSD's knowledge or consent and, upon information and belief, were deliberately conducted in bad faith so that Synopsys could compete directly with OSD to benefit from the goodwill associated with OSD's SYNOPSYS™ mark, and to benefit from Synopsys' greater size and market power to overwhelm senior user OSD's goodwill in its SYNOPSYS™ mark, and usurp and overwhelm the business identity of OSD in the optical systems design software marketplace.

## JURISDICTION AND VENUE

5. This is an action arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051-1127. This Court has jurisdiction pursuant to 28 U.S.C. § 1338 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 15 U.S.C. § 1338 (acts of Congress relating to trademarks and unfair competition), and 28 15 U.S.C. § 1367 (supplemental jurisdiction of related state law claims).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Counterclaim Plaintiff Optical Systems Design LLC ("OSD LLC") is an Arizona limited liability company with its principal place of business in Arizona and which does business throughout the United States, including in California. Formed in 2018, it is the successor-in-interest to the former Optical Systems Design, Inc., ("OSD Inc."), a Maine corporation with its principal place of business in Maine, which also did business throughout the United States.

8. OSD LLC acquired all of OSD Inc.'s assets, including but not limited to its intellectual property, goodwill, and other associated rights and interests, in 2019, and it has owned, controlled, marketed, and offered for sale to the public all products and services related to or associated with the SYNOPSYS™ optical system design software and related products previously offered by OSD Inc. throughout the United States since that time. Except where otherwise indicated, both OSD LLC and

1  OSD Inc. are jointly referred to as "OSD" hereafter.

2      9.    On information and belief, Counterclaim Defendant Synopsys is a Delaware corporation formed in 1987, with its principal place of business in Santa Clara County, California, that does business throughout the United States, including in Los Angeles, California, and which has acquiesced to the personal jurisdiction of this Court by filing suit here.

## COUNTERCLAIM

**(False Designation of Origin and Trademark Infringement in Violation of 15 U.S.C. § 1125(a)– Forward and Reverse Confusion**)

    10.    OSD adopts and incorporates the allegations set forth in paragraphs 1 through 9 above by reference as though fully set forth herein.

    11.    Don Dilworth ("Dilworth"), the founder of the former OSD Inc., began creating and developing an optical systems design software product in 1962, and began promoting and selling it under the name and mark SYNOPSYS™ in January 1976.  SYNOPSYS™ is an arbitrary name he created, derived from the phrase "SYNthesis of OPtical SYStems."

    12.    Initially operated as a sole proprietorship starting in 1976, Dilworth assigned all his rights in that business to a corporation he formed under the laws of Maine called "Optical Systems Design, Inc." in 1986.  He marketed and sold his SYNOPSYS™ optical system design software product and related services continuously beginning 1976, and did so continuously through OSD Inc. beginning in 1986 until he sold his business to OSD LLC in 2019.  The object and focus of OSD throughout that entire period was the marketing, sales, and technological improvement of its SYNOPSYS™ product and related services.

    13.    Although not a large company, OSD over the years engaged in extensive sales and marketing efforts, spending thousands of dollars annually in the promotion and advertisement of its SYNOPSYS™ product and related services.  Among other actions, it printed and distributed brochures for its SYNOPSYS™

product beginning no later than 1976; repeatedly published articles about its SYNOPSYS™ software in trade industry journals beginning no later than 1978; advertised in national magazines that focused on the optical design industry beginning no later than 1980; and regularly attended and spoke at trade shows that focused on, *inter alia*, optical systems design software, displaying signage and distributing promotional literature that identified and described its SYNOPSYS™ software and how it was superior to other optical design software products beginning no later than 1980. It was approached by a third party for permission to use its SYNOPSYS™ mark in a business in an unrelated line of commerce no later than 1985. It engaged independent sales agents to sell its SYNOPSYS™ product internationally. Since 2005, OSD has created and posted a website promoting its SYNOPSYS™ software products and services. Through these efforts, and due to the quality and reputation of its optical systems design software product bearing the SYNOPSYS™ mark, SYNOPSYS™ became well-known and associated with OSD in the optical systems design software marketplace shortly after OSD began marketing in 1976, and was very well-known before 1989.

14. Through those same marketing efforts and regular interactions with competitors' representative at trade shows and elsewhere over the years beginning no later than 1978, OSD also became familiar with its direct competitors in the optical systems design marketplace, and of the products and services those competitors offered, and those competitors became familiar with OSD and its SYNOPSYS™ product and related services. One such competing software product was and is Code V, previously offered for sale by one of OSD's direct competitors Optical Research Associates ("ORA"). OSD's founder knew the founders of ORA, and was very aware of Code V. ORA personnel also became personally acquainted with OSD's founder Dilworth through their social interactions at trade shows and elsewhere beginning no later than the late 1970s, and ORA thus was well aware of OSD and its SYNOPSYS™ software product and mark long before 2010.

15. OSD is informed and believes that since its founding in 1987, Counterclaim Defendant Synopsys has become prominent in the electronic design automation ("EDA") and semiconductor sectors of the computer software industry. Synopsys describes itself as "a global software leader" in that space, with over 20,000 employees, that "has acquired worldwide recognition, and…hold dozens of registered trademarks… [that] incorporate the mark SYNOPSYS®, including U.S. Reg. Nos. 1601521 and 1618482, both filed March 30, 1989 and registered in 1990." (Dkt. No. 1, ¶¶ 1-2.) OSD is further informed and believes that Synopsys applied for many other trademark registrations before 2010 that include "SYNOPSYS," including but not limited to App. Ser. No. 73743591, filed Aug. 1, 1988; App. Ser. No. 74021294, filed January 19, 1990; App. Ser. No. 74021293, filed Jan. 19, 1990; App. Ser. No. 74158600, filed April 19, 1991; App. Ser. No. 74719619, filed Aug. 24, 2995; and App. Ser. No. 75195385, filed Nov. 8, 1996.

16. OSD is informed and believes that in connection with Synopsys' due diligence research in applying for each of the above marks, and any other mark that incorporated SYNOPSYS® for which it applied, Synopsys obtained commercially available trademark search reports that, *inter alia*, identified other companies in the computer software industry that were using "Synopsys" to sell computer software products and services, and other services, so that Synopsys could evaluate the availability of each mark incorporating SYNOPSYS® for which it applied. Further, OSD is informed and believes that beginning no later than 1989, when Synopsys applied for its first trademark registration containing the word "Synopsys,' those searches would have revealed and did reveal OSD and its SYNOPSYS™ optical system design software product and mark to Synopsys, and thus that Synopsys would have learned of and been repeatedly reminded of OSD and its SYNOPSYS™ software product each time it applied for a SYNOPSYS® trademark registration over more than 20 years by 2010, through those reports. Thus, Synopsys was aware of OSD and its SYNOPSYS™ mark when it first selected its mark, and it selected

that mark to free-ride on OSD's goodwill and otherwise take advantage of the similarity between the two companies' marks. Further, since Synopsys began doing business in 1987, all of the federal trademark registrations Synopsys applied for and obtained that included SYNOPSYS® beginning in 1989 were junior to OSD's SYNOPSYS™ mark, as OSD first began using its SYNOPSYS™ mark 10 years or more before Synopsys began using any SYNOPSYS® mark in any line of commerce.

17.     In 2010, with full knowledge of OSD and its SYNOPSYS™ software product, Synopsys acquired OSD's direct competitor ORA and its directly competing Code V software product. Synopsys admitted in a press release which was widely reported in the media, that its acquisition "represents Synopsys' initial move into this [optical design systems] space." (See Dkt. No. 1, Exs. 1,3,4,7,8,9, and 10.)  With that acquisition, Synopsys also employed a number of ORA personnel who were very familiar with OSD, its SYNOPSYS™ software product, and the trademark rights OSD possessed in SYNOPSYS™ through OSD's decades of marketing and sales efforts, and Synopsys thus gained additional knowledge of OSD and its SYNOPSYS™ mark upon that acquisition.

18.     While OSD eventually learned that Synopsys had acquired Code V, it did not learn that Synopsys had begun branding Code V with its SYNOPSYS® trademarks for years thereafter. Nevertheless, despite the obvious fact that Synopsys' company name was identical to OSD's SYNOPSYS™ mark, as well as the fact that Synopsys' owned various other SYNOPSYS® marks in other sectors of the computer software industry that were junior to OSD's more senior SYNOPSYS™ mark in the optical design sector of the computer software industry, Synopsys took actions that lulled OSD into a false sense of security that Synopsys would not use its SYNOPSYS® marks to promote ORA's directly competing Code V software product. OSD is informed and believes that ORA continued to exist and operate its optics business, including the sale of Code V, in its own name for years

after 2010. OSD had no knowledge or belief that Synopsys was using its name or its SYNOPSYS® federal trademark registrations obtained in other sectors of the computer software market, but were nevertheless junior to OSD's SNOPSYS™ mark, to brand Code V. In fact, when OSD in 2018 inquired in writing whether Synopsys intended to use its company name to promote Code V or any other product, Synopsys represented, in writing, that "we do not have intention or plan to market any individual product under the name 'Synopsys' now or in the future." (Dkt. No. 1, Ex. 27:3).

19. Synopsys' representations were false and misleading, and Synopsys knew they were false and misleading when it made them. The true facts were that "[s]tarting in late 2010 and early 2011, Synopsys branded all new Code V® product literature with its SYNOPSYS® trademark[,]" (Dkt. No. 1 ¶ 45.) If OSD had known the true facts that Synopsys was already branding its Code V product with its Synopsys mark, OSD would have taken action to protect its rights and mark.

20. Further, before learning of any efforts by Synopsys to brand Code V with its name, and in recognition of the obvious fact that Synopsys' company name was identical to OSD's preexisting SYNOPSYS™ mark, OSD engaged in what it mistakenly believed were good faith negotiations for Synopsys to acquire senior user OSD's rights in its SYNOPSYS™ mark. After OSD initially raised the possibility of Synopsys acquiring OSD's entire business in 2017, OSD's SYNOPSYS™ mark became the major, and soon only, focus of Synopsys' negotiations to purchase OSD's SYNOPSYS™ mark that took place between 2017 and 2024. Synopsys made the representation described above that "we do not have intention or plan to market any individual product under the name 'Synopsys' now or in the future" during the course of those negotiations in 2018.

21. However, unbeknownst to OSD, Synopsys now admits that "[s]tarting in late 2010 and early 2011, Synopsys branded all new Code V® product literature with its SYNOPSYS® trademark" as described above. Dkt. No. 1, ¶ 45.

22. Synopsys' negotiations therefore were not made in good faith to acquire OSD's SYNOPSYS™ mark, but instead were intended to play for time so that Synopsys could: A) use its greater size, market power and identical marks in other sectors of the computer software industry to overwhelm the goodwill OSD had acquired in its SYNOPSYS™ mark in the optical design software marketplace; and B) prevent OSD from learning of Synopsys' use of its name and marks, so that OSD would not take action to protect its trademark rights for years, and so that Synopsys could argue, as it does in its First Amended Complaint herein, that OSD's ability to do so is now barred by laches and equitable estoppel. Synopsys continued those bad faith negotiations even after OSD discovered and placed Synopsys on notice of a "plausible breach" of its rights, lulling OSD into a false sense of security and causing it to delay talking legal action out of a mistaken belief that the parties would be able to settle their differences without litigation. Further, Synopsys has not been prejudiced by any delay by OSD in taking legal action against Synopsys because, *inter alia*, (i) Synopsys knew it was using its SYNOPSYS® marks to promote its optical design software products and services in violation of OSD's common law rights in its SYNOPSYS™ mark no later than 2010; and (ii) Synopsys knew it was using its SYNOPSYS® marks to promote its optical design software products and services and services over OSD's objections beginning in 2019, and thus was not relying on any action or inaction by OSD when it continued to use its marks despite what OSD called a "plausible breach" of OSD's rights.

23. Contrary to Synopsys' representations to OSD that it did not intend to associate SYNOPSYS® with Code V or any other specific product, and unbeknownst to OSD at the time, but with Synopsys' full knowledge of OSD's prior rights in and to its SYNOPSYS™ mark in the optical design systems space, which knowledge Synopsys possessed as early as 1989, Synopsys "shortly after" 2010 and no later than July 2013, began to use, and continues to use, its SYNOPSYS® marks obtained in other sectors of the computer software industry, including the "®" sign

that can only be used to identify registered marks, to promote Code V in the same optical design space in which OSD sold and sells its SYNOPSYS™ software product, even though Synopsys had no federal trademark registration for optical design software products. Synopsys' actions force customers of optical design software products to distinguish between the following marks for such products:

| **OSD's Mark** | **Synopsys' Mark** |
| --- | --- |
| SYNOPSYS™ | SYNOPSYS® |

24.     For example, contrary to Synopsys' representations to OSD that it did not intend to associate SYNOPSYS® with Code V or any other specific product in the optical design pace or elsewhere, and unbeknownst to OSD, Synopsys began associating SYNOPSYS® with Code V on its website beginning no later than July 2013, as shown below:



See Exhibit 1.

25.     Also contrary to Synopsys' representations to OSD that it did not intend to associate SYNOPSYS® with Code V or any other specific product, and unbeknownst to OSD, Synopsys beginning no later than 2015 began using its SYNOPSYS® mark to associate itself with and promote the Code V software product in promotional videos Synopsys posted on YouTube.

13

26.     For example, it prominently depicts its SYNOPSYS® mark in a video that purports to describe "Code V Optical Design Expert Features." First posted on



YouTube in 2015, a Search on YouTube of "Synopsys Code V" since that time results in a listing of videos and their titles that includes the following depiction of that video:

See Exhibit 2. As of the time this counterclaim is filed, said video can be viewed at https://www.youtube.com/watch?v=6-wIkoiwvXo&t=2s.

27.     Synopsys also prominently depicts its SYNOPSYS® mark in another video that purports to describe "Code V Asphere Expert:Cost-Effective Use of Aspheres/Synopsys."  Synopsys also first posted that video on YouTube in 2015. A search on YouTube of "Synopsys Code V" since that time results in a listing of videos and their titles includes the following depiction of that video:



See Exhibit 3. As of the time this counterclaim is filed, said video can be viewed at https://www.youtube.com/watch?v=zqte7uDayiE&t=18s.

28. Thus, contrary to its representations to OSD, and unbeknownst to OSD, Synopsys with full knowledge of OSD's prior common law rights in SYNOPSYS™ in the optical design software marketplace also has continuously associated its SYNOPSYS® marks obtained in other sectors of the computer software marketplace with Code V since "shortly after" 2010 and beginning no later than 2013, in marketing, promotional, advertising, and related channels and materials, to offer for sale and/or sell Code V in direct competition with OSD's directly competing SYNOPSYS™ product.

29. Synopsys' actions have damaged OSD and its SYNOPSYS™ mark, and unless Synopsys is enjoined, such conduct will continue to severely inhibit and/or destroy the ability of OSD's SYNOPSYS™ mark to identify OSD as the exclusive source of optical systems design software products associated with its SYNOPSYS™ mark.

30. Synopsys' use of its SYNOPSYS® marks that are substantially indistinguishable from and confusingly similar to OSD's SYNOPSYS™ mark in the optical design software marketplace as shown above is intended to cause, has caused, and is likely to continue to cause confusion, mistake and deception among the consuming public and the trade as to the source of such products, or as to an affiliation, connection or association between OSD and Synopsys, and/or between OSD and Synopsys' Code V and other optical design software products and services, and/or between Synopsys and OSD and its SYNOPSYS™ product.

31. Synopsys' aforementioned conduct constitutes a knowing and willful false designation of the origin of the optical design software products and services products bearing the SYNOPSYS™ mark, and/or a false and misleading descriptions and representations of fact, in violation of 15 U.S.C. §1125(a).

32. Upon information and belief, by its actions, Synopsys intends to continue to falsely designate the origin of their products and/or mislead the public

into believing that OSD's SYNOPSYS™ product is associated with Synopsys as aforesaid, unless retrained by this Court.

33. Upon information and belief, by its willful acts, Synopsys has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

34. Synopsys' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage OSD, and OSD has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, OSD prays that the Court declare and enter judgment as follows:

A. Holding Synopsys liable for trademark infringement and unfair competition pursuant to 15 U.S.C. § 1125(a) as set forth in OSD's counterclaim;

B. Holding that Synopsys' trademark infringement and unfair competition have been willful;

C. Awarding OSD its actual damages, Synopsys' profits, and up to treble damages for Synopsys' willful trademark infringement and unfair competition;

D. Dismissing with prejudice Synopsys' claims for affirmative relief as alleged in its First Amended Complaint;

E. Dismissing with prejudice Synopsys' First Amended Complaint against OSD, and providing that Synopsys takes nothing by way of its First Amended Complaint;

F. Entering a judgment in favor of OSD and against Synopsys with respect to each of OSD's affirmative defenses, and against Synopsys on the claims stated in its First Amended Complaint;

G. Entering an award of reasonable attorneys' fees and costs to OSD;

H. For such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

OSD respectfully demands a jury trial of all issues triable to a jury in these

counterclaims.

Dated: October 23, 2025                                    Respectfully submitted,

                                                                              RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee (SBN: 94103)
RIMON, P.C.
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, CA   90067
Telephone/Facsimile: 310.375.3811

RIMON, P.C.
Kendra Orr (SBN256729)
kendra.orr@rimonlaw.com
50 California Street, Suite 1500
San Francisco, California 94111
Telephone: 415.683.5472

RIMON, P.C.
Michael S. Lazaroff (*Pro Hac Vice application to be submitted*)
michael.lazaroff@rimonlaw.com
400 Madison Avenue, Suite 11D
New York, New York 10017
Telephone: 646.738.4151

Attorneys for Defendant
OPTICAL SYSTEMS DESIGN LLC