**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
  kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
  bdyer@willkie.com
Ann N. Hopkins (Bar No. 325474)
  ahopkins@willkie.com
Jacob Karim (Bar No. 340376)
  jkarim@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

**WILLKIE FARR & GALLAGHER LLP**
Aliza George Carrano (*Pro Hac Vice* pending)
  acarrano@willkie.com
Dane Sowers (*Pro Hac Vice* pending)
  dsowers@willkie.com
1875 K Street, N.W.
Washington, DC 20006
Telephone: (202) 303-1000

**WILLKIE FARR & GALLAGHER LLP**
Devon W. Edwards *(Pro Hac Vice* pending)
  dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> OPTICAL SYSTEMS DESIGN LLC, <br><br>  Defendant. | Case No. 2:24-cv-10515-DSF-JC <br><br> Judge: Hon. Dale S. Fischer <br> Ctrm: 7D <br><br> **SYNOPSYS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT OPTICAL SYSTEMS DESIGN LLC'S AMENDED COUNTERCLAIM** <br><br> JURY TRIAL DEMANDED |
| OPTICAL SYSTEMS DESIGN LLC, <br><br>  Counter-Claimant, <br><br> v. <br><br> SYNOPSYS, INC., <br><br>  Counter-Defendant. | |

Plaintiff Synopsys, Inc. ("Synopsys") files this Answer and Affirmative Defenses to the Amended Counterclaim filed by Defendant Optical Systems Design LLC ("OSD"), ECF No. 59. Synopsys repeats OSD's section headings, and answers OSD's counterclaim allegations using the same paragraph numbers used in OSD's pleading.

## SYNOPSYS' ANSWER TO OSD'S AMENDED COUNTERCLAIM
## NATURE OF THE COUNTERCLAIMS

1. The statements and allegations in Paragraph 1 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any allegation in this paragraph requires a response, denied. Synopsys further denies that OSD's Complaint sets out any claim for unfair competition or any claim arising under California law, as alleged in this paragraph.

2. Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the allegation that OSD has used the SYNOPSYS™ mark to market optical design software products and services since 1976 and, therefore, denies this allegation. Synopsys denies that it had "full knowledge" of OSD's SYNOPSYS™ mark beginning no later than 1989. Synopsys denies that it began using the SYNOPSYS® mark in connection with optics in 2010 and denies that it took any efforts to free-ride off any goodwill associated with OSD's SYNOPSYS™ mark. Synopsys further denies that it took any actions to conceal its use of its SYNOPSYS® mark from OSD. For example, Don Dilworth, the founder of OSD's predecessor and its sole employee until he sold the business to OSD's current owner in 2019, testified that he was aware of Synopsys' use of the SYNOPSYS® company name and logo in connection with the sale of optical design software, but affirmatively chose not to take any action against Synopsys, Inc. (*See* Ex. 1 at 33:1-8, 51:20-52:19, 62:1-67:2, 69:25-71:24, 72:4-73:19, 75:10-77:7, 84:11-87:1.) Synopsys further denies that OSD has any trademark rights in the term "SYNOPSYS™" as recited in this paragraph. By way of further example, Synopsys did not "conceal" its use because OSD itself alleges

that Synopsys was openly and notoriously using its SYNOPSYS® marks in connection with optical design software, including by "associating SYNOPSYS® with Code V on its website beginning no later than July 2013," and by "prominently depict[ing] its Synopsys® mark" in YouTube videos describing Code V® first posted in 2015.  (ECF No. 59 at ¶¶ 24–27, Exs. 1–3.)  OSD offers no explanation as to why it was able to identify these uses of the SYNOPSYS® mark during this litigation, but purportedly could not have located them in 2018 or earlier.  The remaining statements and allegations in Paragraph 2 recite legal argument rather than factual assertions and, therefore, require no response.  To the extent any remaining allegation in this paragraph requires a response, denied.

3. Synopsys admits that it acquired Optical Research Associates ("ORA") and its Code V® product in 2010.  Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the allegation that OSD expended substantial resources developing, marketing, promoting and selling its optical design software products and services bearing the SYNOPSYS™ mark beginning in the 1970s and continued doing so over a period of 34 years and, therefore, denies it.  Synopsys denies that it had "full knowledge of OSD and its use of OSD's SYNOPSYS™ mark when Synopsys acquired ORA."  Synopsys denies that OSD did not know that Synopsys began using its company name "Synopsys" and its SYNOPSYS® mark to promote Code V® shortly after Synopsys acquired ORA.  As described above, Dilworth was aware of Synopsys' use of the SYNOPSYS® company name and logo in connection with the sale of optical design software, but affirmatively chose not to take any action against Synopsys, Inc.  (*See* Ex. 1 at 33:1–8, 51:20–52:19, 62:1–67:2, 69:25–71:24, 72:4–73:19, 75:10–77:7, 84:11–87:1.)  Synopsys also denies that consumers in the marketplace have been misled as to falsely believe any association between Synopsys' offerings and OSD's product.  As Dilworth testified, he was unaware of any customers who confused Synopsys with OSD's SYNOPSYS software product, and he had no knowledge of any customer who

2

mistakenly bought one product or the other because they were confused, and "[a]nybody who was in that field" of optical lens design knew about the competing products in the market and who sold them. (*Id.* at 31:10–22, 60:2–9, 83:14–84:1.) The remaining statements and allegations in Paragraph 3 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied.

4.  Denied. As described above, OSD was aware of Synopsys' use of its SYNOPSYS® mark in connection with the sale of optics software and services, including Code V®, and relevant consumers in the marketplace have not been confused between Synopsys' offerings and OSD's SYNOPSYS product.

## JURISDICTION AND VENUE

5.  Synopsys admits that OSD's counterclaim purports to allege a claim under 15 U.S.C. §§ 1051–1127. Synopsys denies that OSD is entitled to relief on that claim. Synopsys admits that the Court has jurisdiction over the counterclaim as alleged. Any remaining allegations in Paragraph 5 are denied and Synopsys denies that OSD's Complaint sets out any claim for unfair competition or any claim arising under California law, as alleged in this paragraph.

6.  Admitted.

## THE PARTIES

7.  Synopsys admits that OSD LLC is an Arizona limited liability company with its principal place of business in Arizona, that OSD LLC does business in California, and that OSD LLC is the successor-in-interest to OSD Inc. Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies them.

8.  Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies them.

9.  Synopsys admits that it is a Delaware corporation, with its principal place of business in Santa Clara County, California, that does business throughout the

United States, including in Los Angeles, California. Synopsys further admits that it filed suit against OSD in this Court. Synopsys denies that it was formed in 1987. The remaining statements and allegations in Paragraph 9 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied.

## COUNTERCLAIM

### (False Designation of Origin and Trademark Infringement in Violation of 15 U.S.C. § 1125(a) - Forward and Reverse Confusion)

10. Synopsys adopts and incorporates its answers set forth in Paragraphs 1 through 9 as set forth above by reference as though fully set forth herein.

11. Synopsys admits that Dilworth is the founder of the former OSD Inc. and further states that Dilworth was the sole employee of OSD Inc. prior to selling his business to OSD's current owners in 2019. (*See* Ex. 1 at 25:23–26:4.) Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies them.

12. Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13. Synopsys admits that OSD attended trade shows that focused on, *inter alia*, optical systems design software, that OSD publicly compared its product to other companies' optical design software products that were promoted at those shows (including Code V®), and that OSD created and posted a website promoting its SYNOPSYS™ software products and services. Synopsys further admits that at trade shows, OSD and Dilworth became aware of Synopsys' use of its SYNOPSYS® trademark in connection with optical design software and services, including Code V®. For example, Dilworth testified at deposition that "if [he] went to a conference, of course [he] would have seen" Synopsys selling Code V®; that he attended conferences at which Synopsys was present and had booths with "both the name Code V, plus the SYNOPSYS logo" in at least 2012, 2013, 2016, 2017, and 2019; and that

at such conferences he "frequently" "stopped in and talked to some of the Synopsys, Inc., people." (Ex. 1 at 33:1–8, 51:20–52:19, 62:1–67:2, 69:25–71:24, 72:4–73:19, 75:10–77:7, 84:11–87:1.) Synopsys denies that SYNOPSYS™ became well-known and associated with OSD in the optical systems design software marketplace, including after OSD allegedly began marketing in 1976, and denies that OSD was very well-known before 1989. Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies them.

14. Synopsys admits that Code V® is an optical systems design software product, and that before 2010, it was sold by ORA. Synopsys further admits that OSD's founder knew the founders of ORA, and was very aware of Code V®. Synopsys further admits that some ORA personnel became acquainted with OSD's founder Dilworth. Synopsys also admits that at trade shows, Dilworth had regular interactions with Synopsys and became aware of Synopsys' use of the SYNOPSYS® mark in connection with optical design software and services, including Code V®. For example, Dilworth testified at deposition that "if [he] went to a conference, of course [he] would have seen" Synopsys selling Code V®, and that he attended conferences at which Synopsys was present and had booths with "both the name Code V, plus the SYNOPSYS logo" in at least 2012, 2013, 2016, 2017, and 2019; and that at such conferences he "frequently" "stopped in and talked to some of the Synopsys, Inc., people." (Ex. 1 at 33:1–8, 51:20–52:19, 62:1–67:2, 69:25–71:24, 72:4–73:19, 75:10–77:7, 84:11–87:1.) Synopsys lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15. Synopsys denies that it was founded in 1987. Synopsys admits the remaining allegations in Paragraph 15.

16. The decision of whether to conduct a trademark search, and results of any trademark searching that may have been conducted, are protected by attorney-client

privilege and/or the work product doctrine.  Synopsys denies that it was aware of OSD and its SYNOPSYS™ mark when Synopsys first selected its SYNOPSYS® mark, and denies that it selected its SYNOPSYS® mark to free-ride on OSD's goodwill or to otherwise take advantage of the similarity between the two business' marks. Synopsys further denies that all of its federal trademark registrations are junior to OSD's SYNOPSYS™ mark, as OSD lacks evidence of continuous use of its mark in commerce from prior to 1989 to present.  As Dilworth testified at deposition, he "regularly updated" OSD's marketing materials and user manuals "and then deleted the old stuff" (Ex. 1 at 15:20–16:2.)  Neither Dilworth nor OSD have produced evidence demonstrating continuous use of the SYNOPSYS™ mark in commerce in response to subpoenas and requests for production.  Any remaining allegations in Paragraph 16 are denied.

17.   Synopsys admits that it acquired ORA and its Code V® product in 2010. Synopsys denies that it had "full knowledge of OSD and its SYNOPSYS™ software product" when it acquired ORA in 2010.  To the extent the allegations in Paragraph 17 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Synopsys denies that the text contained in the square brackets within the quote in Paragraph 17 was part of the 2010 Synopsys press release.  Synopsys admits that, following the acquisition of ORA, several ORA employees became employees of Synopsys, some of whom were familiar with OSD. The remaining allegations in Paragraph 17 are denied.

18.   To the extent the allegations in Paragraph 18 purport to describe or quote one or more documents, Synopsys asserts that those documents are the best source of their full content and context and denies the allegations to the extent that they do not accurately represent the documents' context and full content.  Synopsys denies that OSD "did not learn that Synopsys had begun branding Code V with its SYNOPSYS® trademarks for years []after" Synopsys acquired ORA and denies that Synopsys "lulled OSD into a false sense of security that Synopsys would not use its

| | |
|---|---|
|1| SYNOSYS® marks to promote … [its] Code V software product". For example,|
|2| Dilworth testified at deposition that "if [he] went to a conference, of course [he] would|
|3| have seen" Synopsys selling Code V®, and that he attended conferences at which|
|4| Synopsys was present and had booths with "both the name Code V, plus the|
|5| SYNOPSYS logo" in at least 2012, 2013, 2016, 2017, and 2019, but that he|
|6| affirmatively chose not to take any action because he "thought that was a bag of|
|7| worms [he] didn't want to get into." (Ex. 1 at 33:1–8, 51:20–52:19, 62:1–67:2, 69:25–|
|8| 71:24, 72:4–73:19, 75:10–77:7, 84:11–87:1.) Synopsys further states that Dilworth|
|9| and OSD possessed Code V® documentation dated December 2011, which bore the|
|10| SYNOPSYS® logo and trademark, and that by no later than 2013, Dilworth was|
|11| aware that Synopsys, Inc. was selling Code V®. (*See id.* at 42:18–47:8, 51:20–52:6.)|
|12| Synopsys also states that with respect to the 2018 email chain discussed in this|
|13| paragraph, Dilworth testified that it "would be very confusing to everybody" if|
|14| Synopsys "changed the name" of its Code V® software, but that he did not see that|
|15| Synopsys ever change the name of Code V® to Synopsys. (*Id.* at 95:6–96:23.) By|
|16| way of further example, OSD itself alleges that Synopsys was openly and notoriously|
|17| using its SYNOPSYS® marks in connection with optical design software, including|
|18| by "associating SYNOPSYS® with Code V on its website beginning no later than|
|19| July 2013," and by "prominently depict[ing] its Synopsys® mark" in YouTube videos|
|20| describing Code V® first posted in 2015. (ECF No. 59 at ¶¶ 24–27, Exs. 1–3.) OSD|
|21| offers no explanation as to why it was able to identify these uses of the SYNOPSYS®|
|22| mark during this litigation, but purportedly could not have located them in 2018 or|
|23| earlier. As to the remaining allegations in Paragraph 18, denied.|
|24| 19. Synopsys admits that, starting in late 2010 and early 2011, Synopsys|
|25| branded all new Code V® product literature with its corporate SYNOPSYS®|
|26| trademark, along with the CODE V® product trademark, and further states that|
|27| Dilworth and OSD possessed Code V® documentation branded with the Synopsys|
|28| logo and trademark. (*See* Ex 1 at 42:18–47:8, 51:20–52:6.) Synopsys denies that it|

made any representations that were false and misleading, that OSD did not know that Synopsys was already branding materials related to its Code V® product with its SYNOPSYS® mark as well, and that OSD would have taken action at that time. For example, as described above, Mr. Dilworth testified he was aware that Synopsys was using its SYNOPSYS® mark in connection with optical design software and services, including Code V®, and affirmatively chose not to take any action because he "thought that was a bag of worms [he] didn't want to get into." (*See* Ex. 1 at 33:1–8, 51:20–52:19, 62:1–67:2, 69:25–71:24, 72:4–73:19, 75:10–77:7, 84:11–87:1.) By way of further example, OSD itself alleges that Synopsys was openly and notoriously using its SYNOPSYS® marks in connection with optical design software, including by "associating SYNOPSYS® with Code V on its website beginning no later than July 2013," and by "prominently depict[ing] its Synopsys® mark" in YouTube videos describing Code V® first posted in 2015. (ECF No. 59 at ¶¶ 24–27, Exs. 1–3.) OSD offers no explanation as to why it was able to identify these uses of the SYNOPSYS® mark during this litigation, but purportedly could not have located them in 2018 or earlier. As to any remaining allegations in Paragraph 19, denied.

20.   Synopsys admits that it engaged in negotiations with OSD concerning acquisition of OSD's entire business and/or OSD's rights in its SYNOPSYS™ mark. To the extent the allegations in Paragraph 20 purport to describe or quote one or more documents, Synopsys asserts that those documents are the best source of their full content and context. Synopsys denies the allegations to the extent that they do not accurately represent the documents' full content and context. As to the remaining allegations in Paragraph 20, denied.

21.   Synopsys admits that, starting in late 2010 and early 2011, Synopsys branded all new Code V® product literature with its SYNOPSYS® corporate trademark in addition to the Code V® product trademark. Synopsys denies that OSD was unaware of Synopsys' use of the SYNOPSYS® trademark in connection with

Code V®, for the reasons described above, and denies the remaining allegations in Paragraph 21.

22.  Synopsys admits that its Amended Complaint alleges that OSD's claim is barred by laches and equitable estoppel.  Synopsys denies that its negotiations were not made in good faith and denies that it "lull[ed] OSD into a false sense of security and causing it to delay talking [sic] legal action".  As described above, Dilworth—the founder of OSD's predecessor and only employee at the time—knew about Synopsys and its use of the SYNOPSYS® mark in connection with the sale of optical design software and services, including Code V®, but affirmatively chose not to take action.  Dilworth was not misled by any communication from Synopsys in so doing.  Synopsys further denies the allegations of this paragraph because Synopsys twice contacted OSD's current owner, Kit Cheong, in 2019 and 2020, in an attempt to purchase the SYNOPSYS™ trademark, yet OSD never responded substantively to those communications or sought any further negotiation with Synopsys, leading Synopsys to believe that OSD did not object to Synopsys' use of its SYNOPSYS® mark in connection with optical design software and services.  (*See* ECF 40 ¶¶ 53–55, Exs. 30–31; Ex. 2 at 4–5 (admitting that "between July 10, 2020 and June 20, 2024, OSD did not contact Synopsys regarding any alleged infringement of its SYNOPSYS™ trademark").)  By way of further example, Synopsys did not "prevent OSD from learning of Synopsys' use" because OSD itself alleges that Synopsys was openly and notoriously using its SYNOPSYS® marks in connection with optical design software, including by "associating SYNOPSYS® with Code V on its website beginning no later than July 2013," and by "prominently depict[ing] its Synopsys® mark" in YouTube videos describing Code V® first posted in 2015.  (ECF No. 59 at ¶¶ 24–27, Exs. 1–3.)  OSD offers no explanation as to why it was able to identify these uses of the SYNOPSYS® mark during this litigation, but purportedly could not have located them in 2018 or earlier.  The remaining statements and allegations in Paragraph 22 recite legal argument rather than factual assertions and, therefore,

9

1  require no response. To the extent any remaining allegation in this paragraph requires
2  a response, denied.

3        23.    Synopsys admits that, starting in late 2010 and early 2011, Synopsys
4  branded all new Code V® product literature with both its Code V® product registered
5  trademark and its SYNOPSYS® registered trademark. Synopsys denies that it had
6  "full knowledge of OSD's prior rights in and to its SYNOPSYS™ mark … as early
7  as 1989." As to the remaining allegations in Paragraph 23, denied for the reasons
8  described above.

9        24.    Synopsys admits that no later than 2013, Synopsys's website displayed
10  its SYNOPSYS® mark on its Optical Solutions webpages, among which was a
11  webpage for its Code V® product. As to the remaining allegations in Paragraph 24,
12  denied for the reasons described above.

13        25.    Synopsys admits that it promoted Code V® in videos posted on YouTube
14  no later than 2015, and that those videos displayed not only the Code V® mark, but
15  also the SYNOPSYS® mark. The remaining allegations in Paragraph 25 are denied
16  for the reasons described above.

17        26.    Synopsys admits that it promoted Code V® in videos posted on YouTube
18  no later than 2015, and that those videos contained both the Code V® and the
19  SYNOPSYS® marks. To the extent the allegations in Paragraph 26 purport to
20  describe or quote one or more documents, Synopsys asserts that those documents are
21  the best source of their full content and context. Synopsys denies the allegations to
22  the extent that they do not accurately represent the documents' full content and
23  context or the nature of Synopsys' products and services.

24        27.    Synopsys admits that it has rights in the SYNOPSYS® mark. Synopsys
25  further admits it promoted Code V® in videos posted on YouTube no later than 2015,
26  and that those videos contained both the Code V® and the SYNOPSYS® marks. To
27  the extent the allegations in Paragraph 27 purport to describe or quote one or more
28  documents, Synopsys asserts that those documents are the best source of their full

content and context. Synopsys denies the allegations to the extent that they do not accurately represent the documents' full content and context or the nature of Synopsys' products and services.

28. Synopsys admits that, starting in late 2010 and early 2011, Synopsys has continuously associated both its CODE V® mark and its SYNOPSYS® mark with the Code V® product, including by branding all new Code V® product literature with its SYNOPSYS® mark in addition to the CODE V® mark. As described above, Dilworth and OSD were aware of such use. Synopsys further admits that it promoted the Code V® product in videos posted on YouTube no later than 2015, and that those videos contained both the CODE V® and the SYNOPSYS® marks. Synopsys denies that it had "full knowledge of OSD's prior common law rights in SYNOPSYS™ … no later than 2013." The remaining allegations in Paragraph 28 are denied.

29. The statements and allegations in Paragraph 29 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied. For example, Dilworth testified that he was unaware of any customers who confused the name of Synopsys with the name of OSD's SYNOPSYS software product and had no knowledge of any customer mistakenly buying one product or the other because they were confused, as "[a]nybody who was in that field" knew about the products in the market and who sold them. (Ex. 1 at 31:10–22, 60:2–9, 83:14–84:1.)

30. The statements and allegations in Paragraph 30 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied for the reasons described above.

31. The statements and allegations in Paragraph 31 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied for the reasons described above.

32. The statements and allegations in Paragraph 32 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied for the reasons described above.

33. The statements and allegations in Paragraph 33 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied for the reasons described above.

34. The statements and allegations in Paragraph 34 recite legal argument rather than factual assertions and, therefore, require no response. To the extent any remaining allegation in this paragraph requires a response, denied for the reasons described above.

## SYNOPSYS' AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Synopsys asserts the following affirmative defenses to OSD's counterclaim.

### First Affirmative Defense – Failure to State a Claim

The counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense – Laches

For at least the reasons set out in Paragraphs 63–91 of Synopsys' Amended Complaint (ECF No. 40), which are incorporated by reference as though fully set forth herein, OSD's counterclaim is barred by the doctrine of laches.

### Third Affirmative Defense – Equitable Estoppel

For at least the reasons set out in Paragraphs 92–97 of Synopsys' Amended Complaint (ECF No. 40), which are incorporated by reference as though fully set forth herein, OSD's counterclaim is barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense – No Trademark Infringement

For at least the reasons set out in Paragraphs 98–106 of Synopsys' Amended Complaint (ECF No. 40), which are incorporated by reference as though fully set forth herein, OSD's counterclaim fails to state a claim for trademark infringement.

### Fifth Affirmative Defense – No False Designation of Origin

For at least the reasons set forth in Paragraphs 98–106 of Synopsys' Amended Complaint (ECF No. 40), which are incorporated by reference as though fully set forth herein, OSD's counterclaim fails to state a claim for false designation of origin.

### Sixth Affirmative Defense – Unclean Hands and Misuse of Trademark

In Paragraphs 2–3, OSD alleges only that it has used its SYNOPSYS™ mark "to market optical design software products or services." OSD does not allege that it has used the mark in connection with any other categories of products or services, nor does it allege that it has acquired trademark rights that apply to any other categories of products or services. Yet, in June 2024, OSD sent frivolous and bad faith, extortionary correspondence demanding that Synopsys cease *all* use of its famous corporate identity, including in connection with products that (1) do not compete with any OSD product, and (2) are not "optical design software products or services." In so doing, OSD engaged in a wrongful assertion of trademark rights, asserting in bad faith that its SYNOPSYS™ mark applied beyond "optical design software products or services" – the field in which it now alleges to have trademark rights – to Synopsys' entire business that encompasses many fields unrelated to "optical design software products or services," including prototyping, optimizing, rendering, simulation, and Electronic Design Automation ("EDA") software products and services. Further, in Paragraph 32 of the counterclaim, OSD accuses Synopsys' products generally, and not only its "optical design software products or services." In claiming rights in more than the SYNOPSYS™ mark would cover, OSD is misusing its rights and misinforming the public about the scope of its rights. OSD's counterclaim, and its request for an injunction, are therefore barred by the doctrine of unclean hands.

### Seventh Affirmative Defense – Priority and Prior Use

To the extent OSD accuses Synopsys' products generally, and not only Synopsys' "optical design software products or services," OSD has not used its SYNOPSYS™ mark beyond "optical design software products or services," while

Synopsys has used its corporate name and SYNOPSYS® mark for decades in many fields unrelated to "optical design software products or services," including but not limited to prototyping, optimizing, rendering, simulation, and Electronic Design Automation ("EDA") software products and services. Synopsys' use of its corporate name and the SYNOPSYS® mark in fields unrelated to "optical design software products or services" predates any such use by OSD (which, upon information and belief, still has yet to occur). OSD's counterclaim, to the extent it seeks relief beyond the "optical design software products or services" field, are therefore barred by Synopsys' senior use of the mark in those other fields. In addition, OSD lacks evidence that it has continuously used its SYNOPSYS™ mark in commerce since prior to 1989, which is required to establish priority over Synopsys' registered SYNOPSYS® trademark.

## PRAYER FOR RELIEF

WHEREFORE, Synopsys requests that the Court:

1. Enter judgment according to the declaratory relief sought in Synopsys' Amended Complaint;
2. Dismiss with prejudice OSD's claims for affirmative relief as alleged in its Amended Counterclaim;
3. Award Synopsys its attorneys' fees and costs in this action; and
4. Enter such other further relief to which Synopsys may be entitled as a matter of law or equity.

## DEMAND FOR JURY TRIAL

Synopsys hereby demands a trial by jury on all issues so triable raised by Synopsys' Amended Complaint and OSD's Amended Counterclaim.

| | | |
|---|---|---|
| Dated: November 6, 2025 | | Respectfully Submitted, |
| | | WILLKIE FARR & GALLAGHER LLP |
| | By: | /s/ *Krista S. Schwartz* |
| | | Krista S. Schwartz |
| | | Barrington Dyer |
| | | Aliza George Carrano (*Pro Hac Vice pending*) |
| | | Devon W. Edwards (*Pro Hac Vice pending*) |
| | | Ann N. Hopkins |
| | | Jacob Karim |
| | | Dane Sowers (*Pro Hac Vice pending*) |
| | | Attorneys for Plaintiff SYNOPSYS, INC. |